150-15

NO. PD-0150-15

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 29 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
MAY 01 2015
Abel Acosta, Clerk

DANNY RAY RANCHER, APPELLANT PRO SE

V.

THE STATE OF TEXAS, APPELLEE

Appealed From The Court of Appeals Cause Nos.

09-13-00355-CR & 09-13-00356-CR From The 9Th.,

Court of Appeals; Trial Cause No. 12-01-00820-CR

221st., Judicial District, Montgomery County, Texas

With Honorable Robert Trapp Sitting as 221st District Judge

PRO SE PETITION FOR DISCRETIONARY REVIEW DUE TO

CONSTITUTIONAL ERROR FURTHER IN VIOLATION OF TEXAS

AND UNITED STATES CONSTITUTIONAL PROHIBITIONS

AGAINST RETROACTIVE APPLICATION OF EX POST FACTO LAWS

PURSUANT TO TEX.CONST.ART.1§16;USCA.CONST.ARTS. 1§9,CL.3

1§10,CL.1;AND INCORRECT HARMLESS ERROR ANALYSIS APPLIED.

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES Appellant Pro se, Danny Ray Rancher, TDCJ-ID# 1884198, and respectfully submits this Pro se Petition for Discretionary Review Because Constitutional Error in Violation of USCA. CONST. ARTS. 1§9,Cl.3; 1§10,Cl.1; USCA.CONST.AMENDS.5TH,6TH and 14TH, are revealed from the Record on Appeal and with Substantial Injurious effect which contributed to both Convictions and Punishments and prejudicially harmed Appellant. In further support thereof Appellant would respectfully show as follows:

## IDENTITIES OF PARTIES AND COUNSEL

APPELLANT PRO SE ON "PDR":

Danny Ray Rancher,TDCJ-ID.# 1884198
Rt. 2 Box 4400
Hughes Unit
Gatesville,Texas 76597

JUDGE:

Honorable Robert Trapp
Sitting as the 221st District Court
207 W. Phillips
Conroe,Texas 77301

PROSECUTORS:

Ms. Mary Nan Huffman
State Bar No. 24058581
Assistant District Attorney
Montgomery County
207 W. Phillips,2nd Floor
Conroe,Texas 77301

Mr. Vince Santini
State Bar No. 240064310
Assistant District Attorney
207 W. Phillips,2nd Floor
Conroe,Texas 77301

DEFENSE COUNSEL:

Mr. Jarrod L. Walker
State Bar No. 00788601
300 W. Davis, Suite 450
Conroe,Texas 77301

Ms. Wendy Little
State Bar No. 240039509
141 N. San Jacinto
Conroe,Texas 77301

COURT APPOINTED APPELLATE COUNSEL:

Mr. William L. Pattillo
State Bar No. 00792745
430 N. Main
Conroe, Texas 77301

COUNSEL FOR STATE IN APPELLATE COURT:

Mr. Jason Larman
Assistant District Attorney
Montgomery County
207 W. Phillips,2nd Floor
Conroe,Texas 77301

## TABLE OF CONTENTS

Identities of Parties and Counsel.................................... ii

Index of Authorities.............................................iv,v

Statement Regarding Oral Argument...............................vi

Statement of the Case...........................................vii

Statement of Procedural History..............................viii-ix

Grounds for Review One and Two.............................1-Thru-27

Reason for Review..........................................1-Thru-27

Prayer For Relief.................................................27

Certificate of Service............................................27

Appendix 1....................................................... 28

INDEX OF AUTHORITIES

CASES                                                                    PAGE/S

Aylor v. State, 727 SW.2d. 727 (Tex.App. 1987)..............................12

Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)..............................16

Beazell v. Ohio, 46 S.Ct. 68 (1925)...............................2,7,22,24

Bouie v. City of Columbia, 84 S.Ct. 1697 (1964)............................24

Brown v. State, 159 SW.3d. 703 (Tex.App. 2004).............................18

Calder v. Bull, 3 U.S. 386,1 L.Ed. 648 (1798)...................1,5,6,7,22

Carmell v. Texas, 120 S.Ct. 1620 (2000)....................7,19,22,24

Chapman v. California, 386 U.S. at 24 (1967)...............................26

Cole v. Arkansas, 68 S.Ct. 514 (1948).....................................10

Curry v. State, 30 SW.3d. 394 (Tex.Cr.App. 2000)..........................18

Dorado v. State, 843 SW.2d. 37 (Tex.Cr.App. 1992).....................23,26

Doyle v. State, 631 SW.2d. 732 (Tex.Cr.App. 1980).........................18

Ex Parte Smith, 178 SW.3d. 797 (Tex.Cr.App. 2005)..........................7

Farr v. State, 140 SW.3d. 895 (Tex.App. 2004)..........................17,18

Ford v. State, 908 SW.2d. 32 (Tex.App. 1995)...............................7

Hardy v. State, 681 SW.2d. 170 (Tex.App.1984).............................12

Harvey v. State, 123 SW.3d. 623 (Tex.App.2003)............................22

Ieppert v. State, 908 SW.2d. 217 (Tex. Cr.App.1995)........................2

Jaehne v. New York, 9 S.Ct. 70 (1888)...................................2,24

Johnson v. Louisiana, 92 S.Ct. 1620 (1972)...............................14

Jones v. United States, 119 S.Ct. 1215 (1999)...........................16

Kimberlin v. State, 877 SW.2d. 828 (Tex.App. 1994)....................23,26

Kotteakos v. United States, 328 U.S.750 (1946)..........................26

Lindsey v. State, 672 SW.2d. 892 (Tex.App. 1984).........................12

Long v. State, 800 SW.2d. 545 (Tex.Cr.App. 1990)........................23

McCullough v. State, 39 SW.3d. 678 (Tex.App. 2001)......................22

Mitchell v. Esparza, 540 U.S. 12 (2003).................................26

Moore v. State, 4 SW.3d. 269 (Tex. App. 1999)............................7

Phillips v. State, 193 SW.3d. 904 (Tex.Cr. App. 2006).........16,17,18

Phillips v. State, No.PD-1402-09 (Tex. Cr.App.2011)...............2,5,6

Price v. State, 245 sw.3d. 532 (Tex.App. 2007)...........................16

Sanabria v. United States, 437 U.S. 54 (1978)...........................27

State v. Krizan-Wilson, 354 SW.3d. 808 (Tex.Cr.App. 2011)................7

iv

# INDEX OF AUTHORITIES

CASES  PAGES

Stogner v. California, 123 S.Ct. 2446 (2003)..........................1 ,2,5,6,22

Sullivan v. Louisiana, 113 S.Ct. 2078 (1993).........................14,19,26

United States v. Martin Linen Supp.,Co., 97 S.Ct. 1349 (1977).............18

United States v. Olano, 507 U.S. 725 (1993)................................6

United States v. Rodriguez-Martinez, 480 F3d. 303 (5th.Cir.2007)..........26

United States v. Santos, 449 F3d. 93 (2nd.Cir. 2005)......................26

Williams v. Roe, 421 F3d. 863 (9th.Cir 2005).............................24

Williams v. State, 547 SW.2d. 18 (Tex.Cr.App. 1977)......................18

Zinger v. State, 899 SW.2d. 423 (Tex.App. 1995)...........................7

## STATEMENT OF THE CASE

The Appellant was charged by a Two-Count indictment with the offenses of Aggravated Sexual Assault of a Child and Sexual Assault of a Child. (CR. CTI at 23-24. And the Complainant was Appellant's daughter who in November 2011, at around age Twenty-Eight, reported acts of Sexual Assaults she endured as a Child to an Officer Adam Culak of the Willis Police Department. The State indicted Appellant on One Count of Aggravated Sexual Assault and One Count of Sexual Assault committed on or about November 8, 1996. When Daughter was a "child younger than 14 years of age and not the spouse of the Appellant.

He entered a plea of not guilty to both offenses, but a Jury found him guilty, and assessed his Punishment in Count I at imprisonment for Life, and in Count II, at imprisonment for Twenty-years. (CR.CTI at 108; CTII at 101). This timely appeal followed.

## STATEMENT OF PROCEDURAL HISTORY

On May 31,2012, the Grand Jury for Montgomery County, Texas indicted the Appellant Pro se, Danny Ray Rancher for the First-Degree Felony Offense of Aggravated Sexual Assault of a Child (Count I, and the Second-Degree Felony Offense of Sexual Assault of a Child (Count II), both allegedly to have been committed on November 8,1996. (CRI at 23-24; Clerk's Record,Count II (CRII at 19-20.)).

On July 22,2013, well over Sixteen (16) years, thereafter the Appellant's trial began in exceeding the applicable Statute of Limitations period in effect during the time that the alleged offenses had been committed on November 8,1996, with the Honorable Robert Trapp, presiding. On July 24,2013, after hearing evidence from both the State and the Appellant, a Jury convicted the Appellant of both Count I and Count II, as charged in the indictment. (RR.5 at 29, lines 3-15).

On July 25, 2013, the same Jury, after considering the evidence presented by both the State and Appellant, sentenced the Appellant to confinement for Life and a $10,000.00 fine for Count I and confinement for Twenty (20) years for Count II. (RR.6 at 93-94,lines 23-25,1-2).

On August 2, 2013 the Appellant's trial counsel filed a timely Notice of Appeal, and Mr. William L. Pattillo was appointed to represent Appellant on direct appeal due to Appellant's indigency. (CRI at 128; CRII at 127).

The Appellants Brief was due to had been filed on November 27,2013, and Court appointed Appellate Counsel filed and was granted a Second Motion for an Extension of Time to file Appellant's Brief,thus, making the Appellant's Brief due to had been filed on or before December 28,2013. And such Second Motion for additional time was filed on due date on November 27,2013, in Appeal nos. 09-13-00355-CR & 09=13-00356-CR.

Appellant's Brief was filed with the Ninth Court of Appeals at Beaumont,Texas on December 31, 2013, advancing Two Points of Error regarding Outcry witness testimony. Oral Argument was not requested.

On February 24, 2014, the State filed its Appellee's Brief, after being granted an Extension of Time in which to had done so on January 29, 2014.

The Clerk of the Ninth Court of Appeals notified Appellant that said Cause on Appeal was Submitted to the Court on the Briefs before a panel of Justices on September 10, 2010. On January 28, 2015, the Ninth Court of Appeals entered a Memorandum Opinion overruling Appellant's issues on appeal and affirmed the judgements of the Trial Court. APPENDIX 1.

On February 11,2015, the Court of Criminal Appeals granted Appellant's First

viii

GROUNDS FOR REVIEW ONE

NUMBER ONE: THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING TINA FULLEN
TO TESTIFY AS AN OUTCRY WITNESS UNDER ARTICLE 38.072,CURRENT VERSION OF THE
STATUTE AS RESOLVED BY THE COURT OF APPEALS.*AND PROHIBITED BY EX POST FACTO LAW.

NUMBER TWO: THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING OFFICER ADAM
KULAK TO TESTIFY AS AN OUTCRY WITNESS UNDER TEXAS CODE OF CRIMINAL PROCEDURE
ARTICLE 38.072,CURRENT VERSION OF THE STATUTE AS RESOLVED BY THE COURT OF
APPEALS*AS APPLIED RETROACTIVELY TO OFFENSE COMMITTED IN 1996. EX POST FACTO.

REASON FOR REVIEW GROUND ONE

"The Ex Post Facto prohibition in Art.I§10,Cl.1. of the Federal Constitution
barred the application, to a State prosecution, of a new statute extending the
limitations periods for crimes of sex-related child abuse,where this statute
would have permitted the resurrection of an otherwise time-barred criminal pros-
ecution and where this statute had been enacted after the pre-existing limitati-
ons periods for the prosecuction in question had expired-for:
(1) Given that the new statute purported to authorize prosecution for criminal
acts allegedly committed many years beforehand-even if the original limitations
period had expired-as long as prosecution began within a year of an alleged vict-
im's first complaint to the police, the new statute threatened the kinds of harm
that the Ex Post Facto prohibition sought to avoid,such as (a) Unjust and oppres-
sive retroactive effects, (b) A lack of Fair Warning, (c) arbitrary and potential-
ly vindictive legislation, and (d) The erosion of the separation of powers."
(2) "The new statute fell within the second of four categories set forth by
Justice Chase in CALDER V. BULL, (1798) 3 U.S. 386, 1 L.Ed. 648, with respect to
the scope of the Ex Post Facto Prohibition, as long as the words of the second
category-as including every law that aggravated a crime, or made it greater than
it was, when committed" were understood as referring to a statute that inflicted
punishments, where the party was not, by law, liable to any punishment."
(3) "While the Supreme Court had not previously spoken decisively on this
matter, numerous legislators, other courts, and commentators had long believed
it well-settled that the Ex Post Facto prohibition barred the resurrection of
a time barred prosecution."
(4) "An argument,in favor of applying such statutes, that denied the exist-
ence of significant reliance interests (a) ignored the potentially lengthy per-
iod of time during which the accused lacked notice of the possibility of prosec-
ution and during which the accused was unaware,for example, of any need to pre-
serve evidence of innocence, and (b) would seem to permit a State to revive a
prosecution for any kind of crime without any temporal limitation."
(5) "While State had an important interest in prosecuting Child-Abuse cases,
there was also a predominating Federal Constitutional Interest in forbidding
the State to revive a long-forbidden prosecution."
(6) "Applying the New Statute in the acse at hand would Unfairly (a) subject
the accused to prosecution long after the State had, in effect granted amnesty;
(b) Retroactively withdraw a complete defense to prosecution after the defense
had already attached; and (c) Do so in a manner that would allow the State to
withdraw this defense at will and with respect to individuals already identif-
ied." See STOGNER V. CALIFORNIA, 123 S.CT. 2446 (2003).

1

"A Principle concerning the Federal Constitution's Ex Post Facto prohibitions(in Art.1§9,Cl.3 and in Art. 1§10,Cl. 1) Must apply not only in child-abuse cases, but in every--criminal case." Id.

"In 1993, Californai enacted a new criminal statute of limitations permitting prosecution for sex-related child abuse where the prior limitations period has expired, if, inter alia, the prosecution is begun within one year of a victim's report to police. And subsequently added provision makes clear that this law revives causes of action barred by prior limitations statutes. In 1998, Petitioner STOGNER was indicted for sex-related child abuse committed between 1955 and 1973. At the time those crimes were allegedly committed, the limitations period was Three years. STOGNER moved to dismiss the complaint on the ground that the Ex Post Facto Clause forbids revival of a previously time-barred prosecution. The trial court agreed,but the California Court of Appeals reversed. The trial court denied his subsequent dismissal motion,in which he argued that his prosecution violated the Ex Post Facto and Due Process Clauses." Id. STOGNER, supra.

"Ex post facto prohibitions do not merely confer upon the people a waivable or forfeitable right not to have their conduct penalized retroactively. Indeed, the Constitutional prohibition against ex post facto legislation is not really an individual right at all. It is a categorical prohibition directed by the people to their government. Short of a Constitutional Amendment, the people cannot waive this prohibition, either individually or collectively, any more than they may consent to be imprisoned for conduct which does not constitute a crime." TEX.CONST.ART.1§16; USCA.CONST.ART. 1§10,Cl.1. IEPPERT V. STATE, 908 SW.2d. 217 (TEX.CR.APP. 1995). "The Court reversed appellant's conviction for Aggravated Sexual Assault,finding that the indictment charged an offense that was not in existence at the time of the alleged criminal conduct, and that this ex post facto violation was not waived by appellant even though he did not object at trial, and at the first level of appellate review, the lower court of appeals did not reach the merits of the claim, when holding instead that appellant forfeited the right to complain of it on appeal. Because he did not first raise it in the trial court." Id. IEPPERT, supra.

"Portion of Legislation "Void" which should endeavor to Reach by Its Retrospective operation acts before committed." See JAEHNE V. NEW YORK, 9. S.CT. 70 (1888); "By simply labeling a law procedural", a legislature does not immunize it from scrutiny under Art.1§10,Cl.1 of the Federal Constitution." See also BEAZELL V. OHIO, 46 S.CT. 68 (1925).

"Appellant was convicted of twelve Counts of Sexual Offenses against his daughter that occurred in 1982 and 1983. But prosecution under the 2007 Indictment charging appellant was absolutely barred by the statute of limitations for sexual offenses. No one-not the trial judge, the prosecutor, the defense,or the court of appeals-recognized this Constitutional Ex Post Facto violation. These charges could not be Resurrected by a 1997 Statute extending the Statute of Limitations for sexual offenses. BECAUSE THIS IS AN IMPORTANT CONSTITUTIONAL ISSUE THAT WILL UNDOUBTEDLY RECUR GIVEN THE EVEN MORE RECENT STATUTORY ELIMINATION OF THE STATUTE OF LIMITATIONS FOR SOME SEXUAL OFFENSES,WE GRANTED APPELLANT'S PETITION FOR DISCRETIONARY REVIEW. ALTHOUGH THE STATE PROSECUTING ATTORNEY AGREES THAT THE STATUTE OF LIMITATIONS HAD RUN BEFORE APPELLANT'S INDICTMENT,SHE ARGUES THAT APPELLANT FAILED TO PRESERVE THIS ISSUE FOR APPEAL BECAUSE HE DID NOT OBJECT IN THE TRIAL COURT. WE REVERSE THE COURT OF APPEALS,WHICH HELD THAT APPELLANT'S PROSECUTION WAS NOT BARRED. "USCA.CONST. ART.1§9,Cl.3; PHILLIPS V. STATE OF TEXAS, NO.PD-1402-09 (TEX.CR.APP. 2011), On Appellant's Petition for Discretionary Review, citing STOGNER and IEPPERT, supras.

REASONS FOR REVIEW NUMBER ONE: THERE EXISTS PLAIN ERROR, BECAUSE THERE IS CONSTITUTIONAL "ERROR" THAT IS "PLAIN" AND THAT AFFECTS "SUBSTANTIAL RIGHTS AGAINST THE PROHIBITION AGAINST RETROACTIVE APPLICATION OF EX POST FACTO LAW ON FACE OF THE RECORD ON APPEAL, WHICH PERMITTED THE RESURRECTION OF AN OTHER-WISE TIME BARRED CRIMINAL PROSECUTION FOR AGGRAVATED SEXUAL ASSAULT AND SEXUAL ASSAULT OF A CHILD ALLEGEDLY COMMITTED ON NOVEMBER 8, 1996, BY CARRYING FORWARD SUCH OFFENSES UNDER A 1997 AMENDMENT SUCCESSIVELY TO A PERIOD TEN YEARS AFTER THE ALLEGED VICTIM'S BIRTHDAY AND WHERE THIS STATUTE HAD BEEN ENACTED :AFTER" THE PRE-EXISTING TEN (10) YEAR LIMITATIONS PERIOD FOR THE PROSECUTION IN CAUSE NO. 12-000312.1 AND 12.0022202 HAD EXPIRED.

The records on face would show Plain Error, that affects Petitioner's Substantial Rights to Due Process of Law and Right to be free from the application of Ex Post Facto Laws, the latter which cannot be waived, but, which by application of such New Law revived a Previously Time-Barred Prosecution and maximum punishments as follows:

INDICTMENT

| THE STATE OF TEXAS | *Received and Filed" For Record At 12:08 O'clock PM MAY 31 2012 District Clerk Montgomery County, Texas | 221ST DISTRICT COURT |
|---|---|---|
| v. DANNY RAY RANCHER | | NO. 12-01-00820-CR |

| Count | Charge | DA File# | Agency# |
|---|---|---|---|
| #1 | AGGRAVATED SEXUAL ASSAULT CHILD Sec. 22.021(a)(1)(B);Fel.1 | 12-000312.1 | 11T001110 |
| #2 | SEXUAL ASSAULT CHILD Sec.22.011(a)(2);Fel.2 | 12-002202 | 11T001110 |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Montgomery, State of Texas, duly selected, empaneled, sworn, charged, and organized as such by the 359th Judicial District Court for said County, upon their oaths present in and to said court that DANNY RAY RANCHER, the Defendant, on or about NOVEMBER 08, 1996, and before the present-ment of this indictment, in the County and State aforesaid, did then and there Intentionally and Knowingly cause the Penetration of the Sexual Organ of Trista Butler, hereinafter styled the Complainant, by inserting the defendant's sexual organ; and the Complainant was then and there a Child younger than 14 years of age and not the spouse of the Defendant,"

Paragraph B

AND THE GRAND JURY Further presents in and to said Court that on or about NOVEMBER 08,1996 in Montogemery County, Texas, DANNY RAY RANCHER, hereinafter styled Defendant, did then and there Intentionally and Knowingly cause the sexual organ of Trista Butler, hereinafter styled the Complainant, to contact the sexual organ of the Defendant, and the Complainant was then and there a child younger than 14 years of age and not the spouse of the Defendant,"

COUNT NO. 2

AND THE GRAND JURY Further presents in and to said Court that on or about NOVEMBER 08,1996 in Montgomery County, Texas, DANNY RAY RANCHER, hereinafter styled Defendant, did then and there Intentionally and Knowingly cause the pen-

3.

tration of the sexual organ of Trista Butler, a child who was then and there younger than 17 years of age and not the spouse of the Defendant,by inserting the defendant's sexual organ,"

Paragraph B

AND THE GRAND JURY Further Presents in and to said Court that on or about NOVEMBER 08, 1996 in Montgomery County,Texas, DANNY RAY RANCHER, hereinafter styled defendant, did then and there Intentionally and Knowingly Cause the sexual organ of Trista Butler, hereinafter styled the Complainant, to contact the sexual organ of the defendant, and the Complainant was then and there a Child younger than 14 years of age and not the spouse of the Defendant,"

AGAINST THE PEACE AND DIGNITY OF THE STATE."

S/S: "Janet Courtny"
Foreman of the Grand Jury

At the time the offenses of sexual-related offenses with a child were allegedly committed on NOVEMBER 8, 1996, the applicable Statutory Limitations period for Aggravated Sexual Assault of a Child and Sexual Assault under then TEX.CODE CRIM.PROC. ART.12.01 was Ten (10) Years for Felony Indictments to be presented within such limits and not afterwards.

On its face TEX.CODE CRIM.PROC. ART.12.01(2)(D)(1991), as applicable Statute of Limitations for Sexual Assault and Indecency with a Child was Ten years from the date of the commission of the offenses, prior to the 1997 Amendment. Clearly providing as follows: "CHAPTER TWELVE-LIMITATION." ART.12.01, "Except as provided in Article 12.03, Felony Indictments may be presented within these limits, and not afterwards:
  (2) "TEN YEARS FROM THE DATE OF THE COMMISSION OF THE OFFENSE:"
  (D) "SEXUAL ASSAULT UNDER SECTION 22.011(a)(2) OF THE PENAL CODE; INDECENCY WITH WITH A CHILD."
  "Amended by Acts 1983,68th Leg.,p.413,ch.85,§1,eff.Sept.1,1983,68th Leg.,p.5317,ch.977,§7,eff.Sept.1,1983;Acts 1985,69th Leg.,ch.330,§1,eff. Aug.26,1985;Acts 1987,70th Leg.,ch.716,§1,eff.Sept.1.1987;Acts 1991,72nd. Leg.,ch.565,§6,eff.Sept.1.1991.

"Three-year period of limitations applied to February 15,1983,Aggravated Rape Offense, and June 11,1986, Indictment was accordingly TOO LATE,rendering defendant's conviction "VOID"; 1975 Legislation provided for THREE YEAR PERIOD OF LIMITATIONS, May 1983 Amendments extended time to file Aggravated Rape Indictment to Five Years, but 1985 Amendments restored Three-year period of limitations." HIGGINS V. STATE, 764 SW.2d. 311 (APP. 14 DIST. 1988).

"Until September 1,1983, the Limitations period was Three Years TEX.CODE CRIM.PROC. ART. 12.01 (Vernon 1981) Effective September 1, 1983,the Limitations period for Aggravated Sexual Assault was Increased to Five-Years. Act of May 31,1983, 68th.Leg., R.S., ch. 977,§§ 7,14,1983 Tex.Gen. Laws 5317. So in this instant case Prosecution for Counts I and II,are governed by the 1987 thru-1991, ten Year Statute of Limitations periods whereas Effective September 1,1987,supra,the Limitations period for such Offenses were increased to TEN YEARS. See Act of June 1,1987,70th Leg.,R.S.,ch.716,§§ 1,3, 1987, Tex.Gen.Laws 2591. So prosecution on both Counts alleging Sexual Assaults

4

of a Child as alleged in the States Two Count Indictment on or about NOVEMBER 08,1996, would be Barred After NOVEMBER 08,2006.

Then clearly this particular limitations Statute was not Amended Again until 1997,and not applicable to said Offenses allegedly committed a year Before in 1996 and,thus,prohibited by the State and Federal Ex Post Facto Clauses for any purposes of resurrecting two otherwise time barred criminal prosecutions and punishments. Whereas the 1997 Statute had been enacted "AFTER" the pre-existing Ten Year Limitations periods for the Prosecution had expired after NOVEMBER 8, 2006. Then with the State's Two Count Aggravated Sexual Assault and Sexual Assault Indictment filed almost another SIX years out of time on MAY 31,2012.

The 1997,Statute in reviving an otherwise and clear time-barred prosecution and punishment for two sexual-related Child abuse offenses allegedly committed on NOVEMBER 08,1996, well after the 1987 and 1991 Statutes then in effect. Was Amended Effective SEPTEMBER 1,1997,and ex post factorially extended the Limitations period for Aggravated Sexual Assault and Sexual Assault of a Child unto "TEN YEARS FROM THE 18TH BIRTHDAY OF THE VICTIM OF THE OFFENSE." ACT OF MAY 28,1997,75TH. LEG.,R.S.,CH.740,§§ 1,4,1997 TEX.GEN.LAWS 2403.

Its plain and obvious that both Counts I and II, was already barred by the applicable 10 Year Statute of Limitations,then in eccfect from 1987-thru-1991 at the time the 1997 Amendment became effective,and retrospective application of the Amended Statute to resurrect both Sexual-related child abuse offenses,allegedly committed on November 8,1996,clearly violated both the State and Federal Ex Post Facto Clauses pursuant to TEX.CONST. ART. 1§16; USCA.CONST.ARTS.1§9,Cl.3;1§10,Cl.1. See in accord STOGNER V. CALIFORNIA,123 S.CT. 2446 (2003); PHILLIPS V. STATE OF TEXAS, NO.PD-1402-09 (TEX.CR.APP. 2011)(On Appellant's Petition for Discretionary Review)(citing STOGNER and IEPPERT V. STATE, 908 SW.2d. 217 (TEX.CR.APP. 1995);and (CALDER V. BULL, 3 U.S. 386 (1798).

"APPLICATION OF A NEW LAW TO REVIVE A PREVIOUSLY TIME-BARRED PROSECUTION VIOLATES THE EX POST FACTO CLAUSE." PHILLIPS and STOGNER, supras. TEXAS IS NO EXCEPTION. AS THE COURT OF APPEALS POINTED OUT IN THIS CASE,THE STATUTE OF LIMITATIONS FOR CERTAIN SEX OFFENSES EXPANDED FROM THREE YEARS TO TEN YEARS TO THE 1997 LIMITATIONS PERIOD OF TEN YEARS AFTER THE VICTIM'S 18TH BIRTHDAY. NOW THERE IS NO STATUTE OF LIMITATIONS. "BUT THE LEGISLATURE OF TEXAS DID NOT AND COULD NOT "RESURRECT" CASES ALREADY BARRED BY THESE NEWLY EXPANDED LIMITATIONS PERIOD." INDEED,EACH AMENDED STATUTE DID NOT APPLY TO AN OFFENSE IF THE PROSECUTION OF THAT OFFENSE HAD BECOME BARRED BY LIMITATIONS BEFORE THE PASSAGE OF THE AMENDED STATUTE." Id. PHILLIPS, supra.

IN STOGNER V. CALIFORNIA,THE SUPREME COURT CLARIFIED THE APPLICATION OF THE EX POST FACTO CLAUSE TO A CRIMINAL STATUTE OF LIMITATIONS. THE COURT HELD THAT A CALIFORNIA STATUTE AUTHORIZING THE PROSECUTION OF A "SEVENTY-EIGHT YEAR-OLD MAN FOR CRIMES THAT HAD BEEN TIME-BARRED FROM PROSECUTION FOR OVER TWENTY-TWO YEARS WAS AN UNCONSTITUTIONAL EX POST FACTO LAW." HE HAD BEEN INDICTED IN 1998 FOR SEX OFFENSES ALLEGEDLY COMMITTED BETWEEN 1955 AND 1973 IN CALIFORNIA. AT THAT TIME,A THREE-YEAR LIMITATIONS PERIOD APPLIED FOR SEX OFFENSES. BUT IN 1993, CALIFORNIA PASSED A NEW STATUTE AL-

LOWING PROSECUTION FOR SEX-RELATED CHILD ABUSE AFTER THE THE LIMITATIONS
PERIOD HAD EXPIRED IF THE PROSECUTION WAS BEGUN WITHIN ONE YEAR OF THE
VICTIM'S REPORT TO POLICE. "THE SUPREME COURT AGREED WITH STOGNER THAT
THIS FACIALLY RETROACTIVE LAW THAT REVIVED A PREVIOUSLY TIME-BARRED OF-
FENSE VIOLATED THE EX POST FACTO CLAUSE. IT NOTED THAT THE STATUTE WAS
AN UNFAIR EXTENSION OF A LIMITATIONS PERIOD AFTER THE STATE HAD "ASSURED
A MAN THAT HE HAS BECOME SAFE FROM ITS PURSUIT,AND THAT IT REFLECTED A
GOVERNMENT REFUSING BOTH "TO PLAY BY ITS OWN RULES" AND TO GIVE "FAIR
WARNING" TO A MAN TO PRESERVE EXCULPTORY EVIDENCE." Id. PHILLIPS, supra.
   "APPLYING THE 1997 VERSION OF THE STATUTE OF LIMITATIONS TO REVIVE
A PREVIOUSLY TIME-BARRED PROSECUTION VIOLATES THE EX POST FACTO CLAUSE.
AND APPELLANT'S EX POST FACTO CLAIM IS VALID." Id.

   "ALTHOUGH THE 1997 STATUTE OF LIMITATIONS AMENDMENT IS NOT AN EX POST
FACTO LAW ON ITS FACE,AS WAS THE ONE AT ISSUE IN STOGNER, ITS APPLICATION
TO A SITUATION IN WHICH THE STATUTE OF LIMITATIONS HAS ALREADY RUN BEFORE
ITS ENACTMENT VIOLATES THAT CONSTITUTIONAL PROVISION. AS IN STOGNER,APPL-
ICATION OF THE 1997 VERSION FALLS INTO THE CALDER V. BULL,SECOND CATEGORY
AS APPLIED TO APPELLANT'S PROSECUTION. THE PROPERLY EXTENDED TEN-YEAR STATUTE
OF LIMITATIONS HAD EXPIRED IN 1993 [NOVEMBER 8,2006,Applicable to this instant
Pro se PDR],AND FROM THAT DAY FORWARD,PROSECUTION OF ALL TWELVE COUNTS [TWO COUNTS,
Applicable to this Instant Pro se PDR] WAS/WERE FOREVER AND ABSOLUTELY BARRED.
"NO NEW STATUTE NEW STATUTE COULD EVER CONSTITUTIONALLY RESURRECT THEM." Id.
cf. PHILLIPS, supra.

   IN IEPPERT, WE EXPLICITLY HELD THAT A DEFENDANT COULD RAISE THE CLAIM OF
A STATUTE OF LIMITATIONS BAR FOR THE FIRST TIME ON APPEAL BECAUSE IT WAS A
CATEGORICAL PROHIBITION" WHICH MAY NOT BE WAIVED OR FORFEITED BY THE FAILURE
TO OBJECT. AS WE STATED,THIS BAR IS NOT ONLY FOR THE BENEFIT OF THE INDIVIDUAL,
IT IS INTENDED TO KEEP SACRED THE GOVERNMENT'S PROMISE TO ITS CITIZENS."Id.
PHILLIPS, supra.

   "A COURT SHOULD CORRECT A PLAIN ERROR IF IT SERIOUSLY AFFECTS THE FAIRNESS,
INTEGRITY,OR PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS. See UNITED STATES V.
OLANO, 507 U.S. 725 (1993).

The record shows application of the 1997 Amended version of the Statute of

Limitations as applied Retroactively to revive Sexual-related offenses occurring

before its effective enactment allegedly committed on NOVEMBER 08,1996, and already

barred by the then Ten Year limitations period after NOVEMBER 8,2006,being prosecut-

ed and punished. In I.Background of the Court of Appeals Memorandum Opinion as

follows: "THE RECORD REFLECTS THAT THE COMPLAINANT IS APPELLANT'S DAUGHTER. IN

NOVEMBER 2011,DAUGTHER, AT AROUND AGE TWENTY-EIGHT,REPORTED ACTS OF SEXUAL ABUSE

SHE ENDURED AS A CHILD TO OFFICER ADAM CULAK OF THE WILLIS POLICE DEPARTMENT.

THE STATE INDICTED RANCHER ON ONE COUNT OF AGGRAVATED SEXUAL ASSAULT AND ONE COUNT

OF SEXUAL ASSAULT. THE STATE ALLEGED THESE ACTS OCCURRED "ON OR ABOUT NOVEMBER

08,1996," WHEN DAUGHTER WAS "A CHILD YOUNGER THAN 14 YEARS OF AGE AND NOT THE SPOUSE

OF THE DEFENDANT. "RANCHER PLEADED NOT GUILTY TO THE CHARGED OFFENSES. THE JURY

FOUND RANCHER GUILTY OF THE CHARGED OFFENSES." See APPENDIX 1, hereto attached

at p.2.

6

v "The Statute of Limitations applicable to a charge of Aggravated Sexual Assault Assault where the victim is younger than 14 years of age is Ten Years."VTCA. Penal Code § 22.021(a)(2)(B). See MOORE V. STATE, 4 SW.3d. 269 (TEX.APP. 1999).

The State did not prosecute neither of the offense that were allegedly committed on November 8, 1996, when indicting petitioner for the sexual-related offenses well in excess of Ten Years later on MAY 31,2012, which is a full 15 years and Seven/Five Months after presentment of said indictment.

"Statute of Limitations for Aggravated Sexual Assault of a child committed after 1987 was ten years." TEX.CODE CRIM.PROC.ART. 12.01;VTCA. PENAL CODE § 22.011(a)(2). FORD V. STATE, 908 SW.2d. 32 (TEX.APP. 1995). " Statutes of Limitations are the primary guarantee used to protect citizens from stale criminal charges that impair those citizens' abilities to defend themselves. See STATE V. KRIZAN-WILSON, 354 SW.3d. 808 (TEX.CR.APP. 2011), Limitations is an absolute bar to prosecution of a criminal case." EX PARTE SMITH, 178 SW.3d. 797 (TEX.CR.APP. 2005). "Crime of Aggravated Sexual Assault carries Ten-year Limitations period." VTCA.Penal Code § 22.021(a)(B);TEX.CODE CRIM.PROC. ARTS. 12.01(2)(*D),12.03(d). ZINGER V. STATE, 899 SW.2d. 423 (TEX.APP. 1995),"PDR Grant-ed, rev'd, 932 SW.2d. 511, appeal after new trial 1998 WL 175527, PDR., refused.

The 1997, Amendment's retrospective application to the alleged Sexual Assault Charges,allegedly committed on November 8,1996,created an New Crime/Offense tan-tamount to a Continious Aggravated Sexual Assault of a Child, until the child reached adulthood/emancipation at age-18-. Then further to Appellant's Serious Disadvantage such a New Crime/Offense of the same Child constituted Aggravated Sexual Assault another Ten Years past adulthood, thusaltering the Rules of Evid-ence to permit conviction of an otherwise Unindicted 100 Sexual Assaults.Absent any Notice from the face of the Indictment alleging a single Aggravated Assault and Sexual Assault of a Child committed on November 8,1996,which clearly deprived Appellant of Actual Notice of the crime charged as well as any opportunity to had prepared any defenses to a non-noticed unindicted 100 additional Sexual Assaults. And more onerous than the Ten-Year Statute of Limitations in effect at the time when the single Charge of Aggravated Sexual Assault was allegedly committed on November 8, 1996.Which is violative of the State and Federal prohibitions against the retrospective application of Ex Post Facto Laws pursuant to TEX.CONST.ART. 1§16; USCA.CONST.ARTS. 1§9,Cl.3,1§10,Cl.1. See CALDER V. BULL, BEAZELL V. OHIO,supras; CARMELL V. TEXAS,120 S.CT.1620 (2000 ). Such prejudicial Continious Sexual Assaults as New Crime/Offenses not in effect on November 8, 1996, showing Ex Post Facto violat-ions and further altering the rules of evidence is shown on face of the Ninth Court of Appeals' Memorandum Opinion specifically as follows: "OFFICER CULAK TESTIFIED THAT HE MET WITH DAUGHTER ON NOVEMBER 2,2011,AT THE WILLIS POLICE DEPARTMENT. CULAK TESTIFIED THAT WHEN DAUGHTER FIRST CAME TO THE STATION SHE INITIALLY ONLY

7

COMPLIANED THAT RANCHER WAS HARASSING HER AND HER HUSBAND, BUT THEN ALSO TOLD HIM RANCHER HAD MOLESTED HER AS A CHILD. CULAK TESTIFIED THAT HE TOOK A WRITTEN STATEMENT FROM DAUGHTER."

"CULAK TESTIFIED THAT DAUGHTER TOLD HIM THAT WHEN SHE WAS EIGHT (8) YEARS OLD THAT RANCHER HAD GIVEN HER "SEXUAL TOYS[,]" "SEXUAL PORNOGRAPHIC MOVIES" AND HAD TOUCHED HER SEXUALLY." DAUGHTER TOLD CULAK THAT BY THE TIME SHE WAS THIRTEEN (13) YEARS OLD SHE HAD LOST HER VIRGINITY TO RANCHER." DAUGHTER TOLD CULAK THAT RANCHER TAUGHT HER HOW TO PLEASURE HERSELF."

"CULAK TESTIFIED THAT DAUGHTER TOLD HIM THAT SHE HAD WRITTEN A LETTER TO MOTHER ABOUT WHAT HAD HAPPENED, THAT MOTHER BELIEVED DUAGHTER MADE THE ALLEG- ATIONS UP FOR ATTENTION, AND THAT MOTHER BURNED THE LETTER AFTER SHE READ IT. "CULAK TESTIFIED THAT DAUGHTER TOLD HIM THAT WHEN SHE WAS FIFTEEN (15) YEARS OLD ONE OF HER FRIENDS WALKED INTO RANCHER'S BEDROOM WHILE RENCHER WAS ENG- AGED IN SEXUAL ACTS WITH DAUGHTER." "CULAK RECALLED THAT DAUGHTER TOLD HIM THAT RANCHER'S SEXUAL ABUSE CONTINUED UNTIL SHE LEFT HOME AT AGE EIGHTEEN (18)."

"AT TRIAL DAUGHTER, THEN TWENTY-NINE (29) YEARS OLD, TESTIFIED AT LENGTH REGARDING THE ABUSE SHE ENDURED FROM RANCHER. DAUGHTER EXPLAINED THAT MOTHER BECAME ILL AROUND 1992 OR 1993 AND REQUIRED FREQUENT STAYS IN THE HOSPITAL. MOTHER ULTIMATELY WAS DIAGNOSED WITH MULTIPLE SCLEROSIS. APPROXIMATELY A YEAR OR TWO AFTER BEING DIAGNOSED ,MOTHER BECAME CONFINED TO A WHEELCHAIR, WHICH REQUIRED,MOTHER,DAUGHTER,SISTER,AND BROTHER TO MOVE INTO A DIFFERENT TRAILER HOUSE THAT INCLUDED HANDICAP ACCOMODATIONS.

"RANCHER MAINTAINED A SEPARATE TRAILER ON THE PROPERTY WHERE HE CONDUCTED HIS BUSINESS AND ALSO RESIDED. BECAUSE RANCHER'S TRAILER WAS NOT HANDICAP ACCESSIBLE, MOTHER COULD NOT ACCESS IT WITHOUT HELP AND IN FACT NEVER WENT TO RANCHER'S TRAILER."

"DAUGHTER TESTIFIED THAT RANCHER'S SEXUAL ABUSE AND GROOMING OF HER BEGAN WHEN MOTHER FIRST BECAME ILL IN THE EARLY NINETIES (90'S). DAUGHTER EXPLAINED IN DETAIL HOW RANCHER'S ABUSE BEGAN WITH INAPPROPRIATE TOUCHING AND INAPPROP- RIATE CONVERSATIONS. DAUGTHER TESTIFIED THAT AFTER THE FIRST INCIDENT OF INAP- PROPIATE TOUCHING, RANCHER TOUCHED HER SEXUALLY TWO (2) TO FOUR (4) TIMES A WEEK."

"DAUGHTER DESCRIBED IN DETAIL A TIME WHEN RANCHER DIGITALLY PENETRATED HER VAGINA WHEN SHE WAS ABOUT EIGHT OR NINE YEARS OLD." "DAUGHTER TESTIFIED THAT THAT AFTER RANCHER MOVED INTO HIS OWN TRAILER THE INAPPROPRIATE TOUCHING PROG- RESSED. DAUGHTER EXPLAINED THAT SHE HAD ORAL SEX WITH RANCHER, THAT HE TOUCHED HER VAGINA, AND THAT HE WOULD HAVE HER WATCH PORNOGRAPHIC MOVIES."

"SHE TESTIFIED RANCHER SEXUALLY ABUSED HER IN HIS TRAILER THREE (3) TO FIVE (5) TIMES A WEEK. "DAUGHTER TESTIFIED THAT WHEN SHE WAS THIRTEEN YEARS OLD SHE LOST HE VIRGINITY TO RANCHER AND DESCRIBED IN GRAPHIC DETAIL THE ABUSE SHE EN- DURED DURING THIS INCIDENT. DAUGHTER TESTIFIED THAT AFTER THIS INCIDENT SHE STARTED HAVING SEXUAL INTERCOURSE WITH RANCHER REGULARLY—SHE ESTIMATED IT WOULD OCCUR BETWEEN THREE (3) TO FIVE (5) TIMES A WEEK."

"SHE ESTIMATED THAT SHE HAS HAD SEXUAL INTERCOURSE WITH RANCHER MORE THAN A HUNDRED (100) TIMES." DAUGHTER TESTIFIED THAT ONCE THE SEXUAL ABUSE STARTED, RANCHER SHELTERED HER AND WOULD NOT LET HER GO PLACES THAT THE OTHER CHILDREN WERE ALLOWED TO GO. SHE TESTIFIED THAT SOMETIMES IF SHE WOULD DO SEXUAL THINGS, RANCHER WOULD LATER TAKE HER TO MEET UP WITH HER SIBLINGS. "DAUGHTER TESTIFIED THAT RANCHER TOLD HER NOT TO TELL ANYONE ABOUT THE ABUSE AND WARNED HER THAT IF SHE DID HE WOULD HURT HER."

8.

"DAUGHTER RECALLED THAT SHE WAS THIRTEEN (13) YEARS OLD WHEN SHE FIRST TOLD SOMEONE ABOUT RANCHER'S ABUSE; SHE TOLD HER THIRTEEN (13) YEAR-OLD COUSIN. DAUGHTER EXPLAINED THAT COUSIN HAD DISCLOSED TO DAUGHTER THAT COUSIN HAD LOST HER VIRGINITY AND IN RESPONSE TO COUSIN'S CONFESSION, DAUGTHER TOLD COUSIN THAT SHE TOO HAD LOST HER VIRGINITY AND REVEALED TO COUSIN THAT SHE HAD SEX WITH RANCHER." DAUGHTER TESTIFIED THAT WHEN SHE MADE THIS CONFESSION TO COUSIN, DAUGHTER BELIEVED IT WAS NORMAL BEHAVIOR TO HAVE SEX WITH HER FATHER BECAUSE IT HAD BEEN THE NORM FOR HER." "ACCORDING TO DAUGHTER, COUSIN DID NOT BELIEVE THIS BEHAVIOR WAS NORMAL."

"DAUGHTER TESTIFIED THAT SHE THEN WROTE MOTHER A DETAILED LETTER EXPLAINING WHAT RANCHER HAD BEEN DOING TO HER. DAUGTHER TESTIFIED THAT SHE/MOTHER DID NOT BELIEVE THE ACCUSATIONS, AND EITHER MOTHER OR RANCHER ULTIMATELY BURNED THE LETTER."

"DAUGHTER TESTIFIED THAT AFTER SHE TOLD MOTHER ABOUT RANCHER'S ABUSE AND MOTHER DID NOT BELIVE HER, "RANCHER CONTINUED TO HAVE SEXUAL INTERCOURSE WITH DAUGTHER. "DAUGTHER TESTIFIED THAT WHEN SHE WAS FIFTEEN (15) YEARS OLD, SISTER AND A FRIEND OF THEIRS FROM SCHOOL WALKED IN ON DAUGHTER AND RANCHER HAVING SEXUAL INTERCOURSE."

"COUSIN CORROBORATED DAUGTHER'S TESTIMONY. COUSIN TESTIFIED THAT RANCHER WOULD PUT THE TELEVISION ON PORNOGRAPHY WITH FIVE OR SIX CHILDREN IN THE ROOM. COUSIN TESTIFIED THAT AFTER DAUGHTER CONFIDED IN HER, COUSIN CONVINCED DAUGHTER TO WRITE MOTHER A LETTER. COUSIN TESTIFIED THAT SHE WAS PRESENT WHEN MOTHER CONFRONTED DAUGHTER ABOUT THE LETTER. "COUSIN TESTIFIED SHE AND DAUGHTER WERE BOTH THIRTEEN (13) YEARS OLD WHEN THIS HAPPENED. COUSIN RECALLED THAT RANCHER DENIED THE ACCUSATIONS AND THAT HIS DEMEANOR DURING THE CONFRONTATION WAS UNEMOTIONAL AND NONCHALANT."

"M.K., A FRIEND OF DAUGHTER,ALSO CORROBORATED DAUGTHER'S TESTIMONY. ACCORDING TO M.K., WHEN SHE WAS "STILL 15, MAYBE TURNING 16[,]" SHE WALKED INTO RANCHER'S BEDROOM AND WITNESS RANCHER HAVING SEX WITH DAUGHTER. M.K.,TESTIFIED THAT THE EXPRESSION ON DAUGTHER'S FACE SUGGESTED SHE WAS HORRIFIED, EMBARASSED, AND IN SHOCK.

"SISTER ALSO TESTIFIED. . . . SISTER RECALLED AN OCCASION WHERE SHE AND M.K. HAD GONE TO RANCHER'S TRAILER TO ASK HIM FOR MONEY AND SEE IF DAUGHTER COULD GO WITH THEM TO A CLUB." SISTER TESTIFIED THAT SHE WALKED INTO RANCHER'S BEDROOM AND OBSERVED RANCHER SEXUALLY ABUSING DAUGTHER." See APPENDIX 1, hereto attached at pp.10-thru-14.

TEX.CODE CRIM.PROC.ART.12.01(1)(B)(D)(6)[2 VERSIONS: AS AMENDED BY ACTS 2011, 82ND. LEG., CH.1],effective September 1,1997 and September 1,2011, as applied retrospectively to an Offense allegededly committed on NOVEMBER 8,1996,in violation of the State and Federal Ex Post Facto Clauses. To Appellant's Serious Disadvantage and altering the Rules of Evidence created a New Crime of Aggravated Sexual Assault and Sexual Assault of a Child CONTINIOUSLY without Limitation as follows:"Art.12.01, FELONIES." "Except as provided in Article 12.03,Felony In dictments may be presented within these limits, and not afterward:

(1) "NO LIMITATION:

(B) "SEXUAL ASSAULT UNDER SECTION 22.011(a)(2),PENAL CODE, OR AGGRAVATED SEXUAL ASSAULT UNDER SECTION 22.021(a)(1)(B),PENAL CODE.

(D) "CONTINOUS SEXUAL ABUSE OF YOUNG CHILD OR CHILDREN UNDER SECTION 21.02, PENAL CODE;

(C)(6) [2 VERSIONS: AS AMENDED BY ACTS 2011,82ND LEG.CH.1] "TEN YEARS FROM THE 18TH BIRTHDAY OF THE VICTIM OF THE OFFENSE."

VTCA.PENAL CODE § 21.02(a)(b)(1)(2)(c)(3)(4)(6)(d)(f)(h), Added by Acts 2007 80th Leg.,ch. 593, § 1.17, Eff. Sept.1,2007, provides:"CONTINIOUS SEXUAL ABUSE OF YOUNG CHILD OR CHILDREN. Which was not in effect during the time period in

which the alleged Sexual-related Offenses were committed on NOVEMBER 8,1996. And such created a New Offense further altering the Rules of Evidence and Increasing the Punishment, to Life, 99 years or no less than 25 years Ex Post Factorily as follows:(a) In this section, "Child" has the meanining assigned by Section 22.011(c).

(b) "A person commits an offense if:

(1) "during a period that is 30 or more days in duration,the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age."

(c) "for purposes of this section, "act of Sexual Abuse" means any act that is a violation of one or more of the following penal laws:

(3) "Sexual Assault under Section 22.011;

(4) "Aggravated Sexual Assault under Section 22.021;

(d) "if a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The Jury must agree unanimously that the defendant,during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

(e) "A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):

(3) "is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

(f) "A defendant may not be charged with more than one count under Subsection (b) if all the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim.

(h) "An offense under this Section is a Felony of the First Degree, punishable by imprisonment in the Texas Department of Criminal Justice for "LIFE", or for any term of not more than 99 Years or Less Than 25 Years." Added by Acts 2007,80th Leg., ch. 593, § 1.17, eff. Sept. 1,2007.

Cf. "ACTS OF SEXUAL ASSAULTS COMMITTED BY DEFENDANT WERE NOT PART OF PARCEL OF SAME CRIMINAL TRANSACTIONS,AND THUS STATE WAS REQUIRED TO ELECT WHICH SPECIFIC SEXUAL ASSAULT TRANSACTIONS UPON WHICH IT RELIED UPON FOR SEXUAL ASSAULT CONVICTIONS." See PHILLIPS V. STATE, 193 SW.3d. 904 (TEX.CR.APP. 2006).

"WHILE EACH OF THE INCIDENTS PRESENTED IN SEXUAL ABUSE TRIAL MAY CONSTITUTE OFFEN-THE COMMISSION OF THE OFFENSE,THE JURY MUST AGREE ON ONE DISTINCT INCIDENT IN ORDER TO RENDER A UNANIMOUS VERDICT." Id. PHILLIPS, 193 SW.3d. 904.

"A DEFENDANT DOES NOT SOMEHOW WAIVE OR FORFEIT HIS RIGHT TO HAVE STATE MAKE AN ELECTION OF WHICH TRANSACTION IT RELIES UPON FOR CONVICTION BY HIS FAILURE TO REQUEST A LIMITING INSTRUCTION REGARDING THE ADMISSION OF EVIDENCE OF OTHER CRIMES, WRONGS,OR ACTS AT THE ABSOLUTE EARLIEST OPPORTUNITY." Id.

"IN ADDITION TO PROTECTING THE UNANIMAITY OF THE JURY VERDICT,AN ELECTION IS ALSO REQUIRED IN ORDER TO PROVIDE ADEQUATE NOTICE AND AN OPPORTUNITY TO DEFEND: THE DEPRIVATION OF NOTICE ALSO IMPLICATES OF FUNDAMENTAL CONSTITUTIONAL PRINCIPLES, VIZ: "DUE PROCESS AND DUE COURSE OF LAW. AS THE SUPREME COURT HAS SAID,"NO PRINCIPLE OF PROCEDURAL DUE PROCESS IS MORE CLEARLY ESTABLISHED THAN THAT NOTICE OF THE SPECIFIC CHARGE,AND A CHANCE TO BE HEARD IN A TRIAL OF THE ISSUE RAISED BY THAT CHARGE,IF DESIRED,ARE AMONG THE CONSTITUTIONAL RIGHTS OF EVERY ACCUSED IN A CRIMINAL PROCEEDING IN ALL COURTS,STATE OR FEDERAL." PHILLIPS, supra (citing COLE V. ARKANSAS, 68 S.CT. 514 (1948). Id. at 913-914 n.51.

Appellant Pro se was deprived of adequate Notice of the Specific Charge and accusation against him by FACE of the Indictment charging Two Counts of Aggravated Sexual Assault and Sexual Assault of the same alleged child victim, on NOVEMBER 8,1996,in Cause No.12-01-00820-CR, pursuant to TEX.PENAL CODE § 22.021(a)(1)(B), version in effect during the commission of the sexual-related child abuse effective September 1,1994. Prior to its 1997 Amendment with Savings provision as follows: "AGGRAVATED SEXUAL ASSAULT."

(a) "A Person commits an offense:

(1) "If the person:

(B) "Intentionally or Knowingly:

(i) "Causes the penetration of the, . . . female sexual organ of a child by any means;and

(2)(B) "The victim is younger than 14 years of age;

(e) "An Offense under this Section is a Felony of the First Degree."

HISTORICAL AND STATUTORY NOTES

"Section 2 of Acts 1987, 70th Leg., ch. 573 provides:"(a) The Change in law made by this Act applies only to an offense committed on or after the effective date of this Act. For purposes of this section, an offense is committed Before the effective date of this Act if ANY ELEMENT OF THE OFFENSE OCCURS BEFORE THE EFFECTIVE DATE."

SAVINGS CLAUSE. n: "A CLAUSE IN A STATUTE EXEMPTING SOMETHING FROM THE STATUTE'S OPERATION OR PROVIDING THAT THE REST OF IT WILL STILL STAND IF PART IS HELD INVALID ; ALSO: "A CONTRACTURAL CLAUSE PROVIDING THAT IF PART OF THE CONTRACT IS INVALIDATED THE REST SHALL REMAIN IN EFFECT."See MERRIAM-WEBSTER'S DICTIONARY OF LAW, 1996.

USCA.CONST. ART,1§9,Cl.3, provides "No Ex Post Facto Law SHALL Be passed." USCA.CONST. ART.1§10,Cl.1, provides: "No State Shall Pass Ex Post Facto Law."

EX POST FACTO LAW: n. A civil or criminal law with retroactive effect;esp.: "A law that retroactively alters a defendant's rights esp. by criminalizing and imposing punishment for an act that was not criminal or punishable at the time it was committed;by increasing the severity of a crime from its level at the time the crime was committed,by increasing the punishment for a crime from punishment imposed at the time the crime was committed,or by taking away from the protections (as evidentiary protection) afforded the defendant by the law as it existed when the Act was committed." Ex Post Facto Laws are prohibited by Article 1,Section 9 of the U.S. Constitution." WEBSTER'S DICTIONARY OF LAW, 1996, supra.

Appellant was deprived of adequate Notice that he would be prosecuted for One Hundred (100) Unspecified Sexual Acts allegedly committed by a single act of intentionally and knowingly causing the penetration of the Sexual Organ of a single victim/Trista Butler, then a Child younger than 14 years of age as charged in Count I,on NOVEMBER 8,1996. Nor was he charged with proper Notice of also having to defend against One-Hundred (100) Sexual Abuse Offenses further unspecified along with Oral contact by causing his penis/sexual organ to contact the mouth of same alleged child victim on same day November 8,1996, but,clearly prosecuted for New Offense of CONTINOUS SEXUAL ABUSE OF same Alleged Child. While inserting Appellant's Sexual Organ causing contact with her sexual

11



organ on NOVEMBER 8,1996, which to his serious disavantage required no Unanimous Jury verdict on none of the 100 unspecified Sexual Abuses prosecuted in violation of the Ex Post Facto Clauses as shown by the record.

Further under the 1997,2007,and 2011, AMENDED VERSIONS of the the TEXAS PENAL CODE § 22.021,as retrospectively applied to AGGRAVATED SEXUAL ASSAULT OF A CHILD YOUNGER THAN 14 YEARS OF AGE AT THE TIME OF THE OFFENSE, INCREASES THE MINIMUM PUNISHMENT TO 25 YEARS IMPRISONMENT.Absent any Enhancements/or prior felony Convictions showing REPEAT OR HABITUAL OFFENDER PUNISHMENT under CHAPTER 12.42(c)(d). Whereas Upon Conviction First Degree Felony Punishment entailed a MINIMUM OF FIVE YEARS, absent any Prior Convictions as applicable to this instant case. Non-Notice of Sexual Abuse by Touching Child's Sexual organ.

Cf."DEFENDANT WAS CHARGED AND CONVICTED OF AGGRAVATED ASSAULT UNDER IMPER-MISSIBLE EX POST FACTO APPLICATION OF 1981 AMENDMENT OF § 21.03 (REPEALED: See NOW THIS SECTION 22.021) PROSCRIBING OFFENSE OF SEXUAL ASSAULT WHERE PROSECUTION UNDER AMENDED SECTION REQUIRED LESS OR DIFFERENT EVIDENCE FROM SECTION IN EFFECT AT TIME OF OFFENSE,EVEN IF DEFENDANT'S CONDUCT WOULD CONSTITUTE AGGRAVATED RAPE UNDER EITHER VERSION." See LINDSEY V. STATE, 672 SW.2d. 892 (TEX.APP. 1984),Review refused, appeal after remand,760 SW.2d.649.

"JURY CHARGE WHICH SANCTIONED CONVICTION FOR AGGRAVATED RAPE UNDER §21.03(a) (2)(REPEALED;SEE NOW, §§ 22.011 AND 22.021) WAS FUNDAMENTAL ERROR BY AUTHORIZING JURY TO CONVICT DEFENDANT UPON A FINDINGS OF FACTS WHICH WERE NOT ALLEGED IN IN-DICTMENT,WHICH FOLLOWED LANGUAGE OF PRECEDING SUBSECTION STATING THAT A DEFEND-ANT COMMITS AGGRAVATED RAPE IF HE "BY ACTS,WORDS,OR DEEDS PLACES THE VICTIM IN FEAR OF DEATH (OR) SERIOUS BODILY INJURY." HARDY V. STATE, 681 SW.2d. 170 (TEX. APP. 1984),Appeal after remand, 722 SW.2d. 164, review granted, remanded 726 SW.2d. 158.

"USE IN INDICTMENT AND JURY CHARGE OF TERM "FEMALE SEX ORGAN", RATHER THAN TERM "VAGINA" WHICH APPEARED IN VERSION OF § 22.011(a)(2)(A),DEFINING SEXUAL ASSAULT,IN EFFECT AT TIME OF OFFENSE, DID NOT CAUSE DEFENDANT REQUISITE DEGREE OF HARM TO JUSTIFY REVERSAL DESPITE DEFENDANT'S FAILURE TO OBJECT,EVEN THOUGH TERM "FEMALE SEX ORGAN" IS MORE INCLUSIVE THAN TERM "VAGINA", WHERE COMPLAINANT WHO WAS 11 AND ONE-HALF YEARS OLD AT TIME OF TRIAL,TESTIFIED THAT DEFENDANT TOUCH-ED HER ON HER VAGINA AND BREAST, THAT HE PUT HIS FINGER A LITTLE BIT INTO HER VAGINA,AND DESCRIBED HER VAGINA AS A LITTLE PLACE WHERE HER STUFF CAME OUT." See AYLOR V. STATE, 727 SW.2d. 727 (TEX.APP. 1987).

The records of the case shows that the State's Prosecutor focused upon the New Offenses of a Continuing course of conduct Crime pursuant to TEX.PENAL CODE § 21.02, and § 22.021(a)(1)(A)(B)(1)(i)(ii)(2)(B)(e)(f)(2), As Amended and enact-ed effective September 1,2007, by retrospective application.To an otherwise single act of Sexual Abuse of a Child on NOVEMBER 8,1996,where prosecution and conviction was premised upon a course of conduct to show One-Hundred (100) various sexual acts. And the Prosecutor during closing argument argued at the Punishment phase that Appell-ant should be punished by "Death" and 25 years, the latter being the specific refer-ence to the Amended Version of 22.021,supra, as to the Increased 25 year punishment in violation of the Ex Post Facto Clauses and Constitutional Rights to a Fair and

Impartial Trial. The Amended Version of TEX.PENAL CODE § 22.021, applied retrospectively effective September 1, 2007 and September 1, 2011, as complained of as being violative of the Ex Post Facto Clauses. Provides as follows: § 22.021, "AGGRAVATED SEXUAL ASSAULT."

(a) "A person commits an offense:
   (1) If the person:
(A) Intentionally or knowingly:
(B) Intentionally or knowingly:
   (i) Causes the penetration of the, . . . sexual organ of a child by any means;
   (ii) Causes the penetration of the mouth of a child by the sexual organ of the actor;
   (2) If:
      (A) the person:
   (iii) By acts or words occurring in the presence of the victim threatens to cause any person to become the victim of an offense, . . . or to cause the death, serious bodily injury . . . of any person;
      (B) The victim is younger than 14 years of age;
   (e) An offense under this section is a felony of the First Degree.
   (f) "THE MINIMUM TERM OF IMPRISONMENT FOR AN OFFENSE UNDER THIS SECTION IS INCREASED TO 25 YEARS IF:
      (2) THE VICTIM THE VICTIM OF THE OFFENSE IS YOUNGER THAN 14 YEARS OF AGE AT THE TIME THE OFFENSE IS COMMITTED AND THE ACTOR COMMITS THE OFFENSE IN A MANNER DESCRIBED BY SUBSECTION (a)(2)(A)."

### HISTORICAL AND STATUTORY NOTES

"Section 7.01 of Acts 2011, 82nd Leg.,ch. 1 (S.B.24) provides:
"The change in law made by this Act applies only to an offense committed on or After the effective date [Sept.1,2011] of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. FOR PURPOSES OF THIS SECTION, AN OFFENSE WAS COMMITTED BEFORE THE EFFECTIVE DATE OF THIS ACT IF ANY ELEMENT OF THE OFFENSE OCCURRED BEFORE THAT DATE."

The records of this instant case plainly shows that it is debatable whether the Daughter as Complainant testified to One Discrete Occurrence of Sexual Abuse when a Child on NOVEMBER 8,1996, and One-Hundred (100) additional, uncharged Acts of Sexual Assault that were committed in exactly the same manner, included Oral Sex every time. AND None of the One-Hundres additional were presented with equal specificity-which shows almost no specificity at all. It is true that TEX.CODE CRIM.PROC. ART. 38.37 allows for the admission of uncharged misconduct for relevant purposes. But it does not allow for admission of Uncharged Misconduct for ANY AND ALL purposes, and it remains incumbent on the State to prove up a Discrete Offense for which it will rely upon to convict when it proves up more than one.

Article 38.37 in no way permits the STATE to prove a single indicted count by presenting UNELECTED,UNDIFFERENTIATED EVIDENCE OF ONE-HUNDRED INCIDENTS.

The State must still provide evidence of other occurences of discrete acts (even

if the date is uncertain) to prove any given charged offense beyond a reasonable doubt and, when evidence of other occurences is admitted (under Art.38.37),it must still provide the Appellant Notice by electing the incident or act it will rely upon for conviction. To differentiate that incident or act from all the others,to hold otherwise is an invitation for the State to throw One-Hundred and multiple, non-specific accusations of Misconduct at a defendant in hopes of convicting him, but because it has proved a Discrete incident or act beyond a reasonable doubt. But, because it has proved enough amorphous misconduct that the Jury belives he is a criminal in a more general sense.

Further, One-Hundred undifferentiated incidents and acts to be considered as evidence of One CHARGED NOVEMBER 8,1996, Sexual related Child Offense,creates a distinct danger that the Jurors will not and did not only fail to reach a unanimous verdict in convicting this Appellant. But that they could have convicted on as many as one-hundred different incidents.

Whatever the jeopardy imlications,clearly such a verdict would meet neither the Unanimous Jury Guarantee of the Texas Constitution [TEX.CONST. ART. V§13], nor the substantial majority requirement of the SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION. See JOHNSON V. LOUISIANA, 92 S.CT. 1620 (1972).

Error of this kind vitiates the entire Jury verdict, calling directly into question whether this Appellant received the JURY TRIAL Guaranteed by the 6TH AMENDMENT at all. See USCA.CONST.AMEND. 6; SULLIVAN V. LOUISIANA,113 S.CT. 2078 (1993).                        AT PUNISHMENT PHASE

See CROSS-EXAMINATION OF DEFENSE WITNESS ROY STEELY BY MS.HUFFMAN, showing other uncharged Sexual Acts as further acts to had been considered as evidence as to uncertain dates reviving Sexual Abuses from when the Daughter was 8 years old,further constituting New Offense of Continous Sexual Abuse of a Child,thus, violative of the Ex Post Facto Clauses;the Unanimous Verdict Guarantee of the Texas Constitution as well as the Substantial Majority requirement of USCA.CONST. AMENDS.6,14. Specifically as follows:

Q. "SO YOU DONT KNOW THAT AT THE AGE OF EIGHT (8) HE STARTED USING A VIBRAT-ING BACK MASSAGER ON TRISTA'S VAGINA.YOU DON'T KNOW THAT, DO YOU?"
   A. "NO".
   MR.WALKER: OBJECTION. Asked and answered. He said he doesn't know any of the allegations."
   THE COURT: "All right. I'll sustain as to that question."
ASK YOUR NEXT QUESTION,PLEASE."
   Q. (BY MS.HUFFMAN) "WOULD IT CHANGE YOUR OPINION IF YOU KNEW THAT AT AGE OF EIGHT (8) HE USED A VIBRATING BACK MASSAGER ON HER VAGINA?" "WOULD THAT CHANGE YOUR OPINION OF DANNY RAY?"
   A. "I tell you, I know enough of Danny that I don't believe that."
   Q. "SO WOULD IT CHANGE YOUR OPINION IF YOU KNEW THAT HE INSERTED THIS CORN COB "DILDO" INTO HE VAGINA?" WOULD THAT CHANGE YOUR OPINION?" . . . . JUDGE HE IS HERE AS A CHARACTER WITNESS. SO ITS IMPORTANT FOR THE JURY TO KNOW IF HE WOULD

14.

CHANGE HIS OPINION IF HE KNEW THESE THINGS ABOUT THE DEFENDANT."

THE COURT: "I'm going to overrule the objection. You can ask the question."

Q. (BY MS. HUFFMAN) "AND SO MY QUESTION IS,YES OR NO,WOULD IT CHANGE YOUR OPINION IF YOU KNEW THAT HE "INSERTED THAT "DILDO" INTO HER VAGINA WHEN SHE WAS THIRTEEN (13) YEARS OLD?"

A. "YES,IT WOULD."

Q. "WOULD IT CHANGE YOUR OPINION IF YOU KNEW THAT HE INSERTED THIS "PINK DILDO" INTO HER VAGINA WHEN SHE WAS THIRTEEN (13) YEARS OLD?"

A. YES,IT WOULD."

Q. "AND WOULD IT CHANGE YOUR OPINION IF YOU KNEW THAT HE "CONTINUALLY HAD SEX WITH HER UNTIL THE AGE OF 18?"

A. YES,IT WOULD." (RR VOL. Pp.48,49,50,51).

## CLOSING ARGUMENT BY THE STATES

MR. SANTINI: "May it please the Court, defense attorney, members of the Jury: "One child molested one time is a life sentence for that child. ONE CHILD MOLESTED "ONE" TIME SHOULD BE A LIFE SENTENCE FOR A SEXUAL PREDATOR." "HERE WE HAVE A DECADE OF RAPE."

. . . "EVERY SINGLE TIME HE HAD SEX WITH HIS DAUGHTER,THAT'S A FELONY." THAT MAN HAS "25" (TEWNTY-FIVE) TO LIFE OVER AND OVER AND OVER AND OVER AGAIN. GIVE HIM LIFE. LET'S GO HOME. THANK YOU." (RR.VOL. Pp.74-77)

MS. HUFFMAN: "He gave Trista a Life Sentence, and it started when she was so young. "SHE HAD TO WORRY AT THE AGE OF 10 (TEN) IF -- WHETHER OR NOT I HAD TO PUT MY MOUTH ON MY DAD'S PENIS TODAY. WHAT A TERRIBLE THING THING FOR A 10 YEAR-OLD TOHAVE TO WORRY ABOUT." "WHEN SHE'S 13 SHE HAS TO WONDER, AM I GOING TO HAVE TO HAVE SEX WITH MY DAD TODAY?" AND SHE WORRIED ABOUT IT CONSTANTLY BECAUSE IT HAPPENED FOUR (4) TO FIVE (5) TIMES A WEEK. ANY TIME HE WANTED IT." SO THAT'S WHAT SHE WAS WORRYING ABOUT.", . . . AND YOU SEE THAT A CHILD HAS GONE THROUGH A DECADE OF RAPE?" WHAT'S THAT WORTH?" TEN YEARS?" TWENTY YEARS?" SIXTY YEARS?" NO. "ITS WORTH LIFE." BECAUSE A LONG TIME AGO HE MADE A DECISION TO GIVE HER A LIFE SENTENCE." (RR VOL. Pp. 82,83).

. . . "SO THE YEARS GO ON AND THE ABUSE CONTINUES. MAYBE HE THOUGHT THE STATUTE OF LIMITATIONS HAD RUN." "SO TODAY IS FINALLY ABOUT TRISTA. ITS ABOUT THE HUNDRED AND HUNDREDS OF TIMES THAT SHE SUFFERED ABUSE AT HIS HANDS."

Today I'm asking you to tell this Defendant that no child should ever have to go through that type of abuse and then come in here and have to tell you about it. I'm asking you to do today what the facts justify and what justice demands. He gave her a life sentence, and I'm asking you to return the favor." (RR VOL. Pp.85-86). See Amended TEX.PENAL CODE §§ 21.02,22.021,Eff.2007/2011.

Likewise see STATES OPENING STATEMENT AT PUNISHMENT as follows:

MR. SANTINI: May it please the Court, Mr. Walker, Ms. Little, Members of the Jury: "One child molested one time is a life sentence for that child. One child molested "ONE TIME" should be a life sentence for the sexual pre- dator. "HERE WE HAVE A DECADE OF RAPE, "AND UNLIKE GUILT/INNOCENCE WHEN YOU HEARD ABOUT THE DECADE OF RAPE AND ALL OF THOSE TIMES, Y'ALL COULD NOT USE THAT TO PUNISH HIM. . . ""YOU'RE GOING TO LEARN DURING YOUR TIME HERE THAT YOU'RE ALLOWED TO USE THOSE ACTS DURING PUNISHMENT PHASE FOR --- TO ACTUALLY PUNISH HIM. IN GUILT/INNOCENCE YOU CAN ONLY USE THOSE ACTS TO HELP PROVE MOT- IVE OR HIS INTENT FOR THE TWO COUNTS THAT WE HAVE."(RR VOL. Pp. 6.7).

. . . "SO YOU GET TO TAKE INTO CONSIDERATION EVERY SINGLE TIME."AND WE'RE GOING TO OFFER ALL OF THE EVIDENCE FROM GUILT/INNOCENCE."SO WHAT YOU'RE GOING

15

TO HEAR FROM PUNISHMENT IS -- ARE THOSE FACTS." "SO YOU CAN TAKE INTO ACCOUNT "EVERY SINGLE TIME HE GROOMED HER,"EVERY SINGLE TIME HE CALLED HER A WHORE", "EVERY SINGLE TIME HE PENETRATED HER DIGITALLY,"PERFORMED ORAL SEX",PENETRATED HER WITH HIS SEXUAL ORGAN,"HIS PENIS." AND YOU HEARD TRISTA SAY,THE ACTUAL SEX PART, "THE PENETRATION WITH THE SEXUAL ORGAN,WAS ANYWHERE FROM OVER 100 , LESS THAN 500, I THINK SHE SAID. AND IF YOU GAVE HIM ONE YEAR FOR EACH SEX-UAL ORGAN PENETRATION."

"WE'RE ACTUALLY NOT GOING TO CALL ANYBODY. WHAT WE'RE GOING TO DO IS ENTER THE EVIDENCE THAT Y'ALL ALREADY HEARD. SO THIS IS WHAT YOU'RE GOING TO HEAR AGAIN. "SO YOU CAN GIVE ONE YEAR FOR EACH SEXUAL ORGAN PENETRATION, AND ITS STILL A LIFE SENTENCE. . . "PROTECTING THE COMPLAINANTS AS WE HEARD ABOUT HIS "THREATS" AND WE HEARD ABOUT HIS ABILITY TO CARRY THESE OUT."

THE COURT: "Thank you, Mr. Santini. All right. Witnesses by the State?"
MS.HUFFMAN: "JUDGE,AT THIS TIME WE OFFER ALL THE EVIDENCE FROM GUILT/ INNOCENCE AND THE STATE RESTS."(RR. VOL. Pp. 7,8.9).

"ELEMENTS OF AN OFFENSE MUST BE CHARGED IN THE INDICTMENT,SUBMITTED TO A JURY,AND PROVEN BY THE GOVERNMENT BEYOND A REASONABLE DOUBT." See JONES V. UNITED STATES, 119 S.CT. 1215 (1999).. . "WHEN OFFENSE . . . SET FORTH ADDITIONAL ELEMENTS OF OFFENSE,NOT MERE SENTENCING CONSIDERATIONS, PARTICULARLY IN VIEW OF SERIOUS QUESTIONS THAT WOULD BE RAISED,UNDER DUE PROCESS CLAUSE AND 6TH AMENDMENT'S "NOTICE AND JURY TRIAL GUARANTEES,IF PRO-VISIONS WERE CONSTRUED AS SENTENCING CONSIDERATIONS;THEREFORE,FACTS THAT TRIG-ER SUCH PROVISIONS MUST BE CHARGED BY INDICTMENT,PROVEN BEYOND A REASONABLE DOUBT,AND SUBMITTED TO JURY FOR ITS VERDICT." USCA.CONST.AMENDS. 5,6. JONES, supra.

"CRIMINAL DEFENDANT IS ENTITLED TO JURY DETERMINATION THAT HE IS GUILTY OF EVERY ELEMENT OF CRIME WITH WHICH HE IS CHARGED,BEYOND A REASONABLE DOUBT." USCA. CONST. AMENDS. 6,14. See APPRENDI V. NEW JERSEY, 120 S.CT. 2348 (2000).
"IT IS UNCONSTITUTIONAL FOR LEGISLATURE TO REMOVE FROM JURY THE ASSESSMENT OF FACTS,OTHER THAN THE FACT OF A PRIOR CONVICTION,THAT INCREASE PRESCRIBED RANGE OF PENALTIES TO WHICH CRIMINAL DEFENDANT IS EXPOSED, AND SUCH FACTS MUST BE ESTABLISHED BY PROOF BEYOND REASONABLE DOUBT. USCA.CONST. AMEND.14. Id., APPRENDI, supra.

"A DEFENDANT WHO TIMELY REQUESTS NOTICE OF THE STATE'S INTENT TO INTRODUCE EXTRANEOUS OFFENSES DURING THE CASE-IN-CHIEF IS ENTITLED TO NOTICE IN THE SAME MANNER AS THE STATE IS REQUIRED TO GIVE NOTICE OF OTHER CRIMES EVIDENCE;THE PUR-POSE OF THE RULE'S NOTICE REQUIREMENT IS TO PREVENT SURPRISE AND INFORM THE DEF-ENDANT OF THE OFFENSES THE STATE PLANS TO INTRODUCE AT TRIAL." TEX.CODE CRIM. PROC. ART. 38.37. See PRICE V. STATE, 245 SW.3d. 532 (TEX.APP. 2007).

PHILLIPS V. STATE, 193 SW.3d. 904 (TEX.CR.APP. 2006),sets forth the reasons to have the State to Elect the Acts of Sexual Assaults that were/are not part of parcel of same criminal transaction upon which specific sexual assaults it relied upon for sexual assault convictions. Because the Jury Must Agree on ONE DISTINCT INCIDENT IN ORDER TO RENDER A UNANIMOUS VERDICT, as follows:

1. "TO PROTECT THE ACCUSED FROM THE INTRODUCTION OF EXTRANEOUS OFFENSES;
2. "TO MINIMIZE THE RISK THAT THE JURY MIGHT CHOOSE TO CONVICT,NOT BECAUSE ONE OR MORE CRIMES WERE PROVED BEYOND A REASONABLE DOUBT,BUT BECAUSE ALL OF TEHM TOGETHER CONVINCED THE JURY THE DEFENDANT WAS GUILTY;
3. "TO ENSURE UNANIMOUS VERDICTS;THAT IS,ALL OF THE JURORS AGREEING THAT "ONE SPECIFIC INCIDENT,WHICH CONSTITUTED THE OFFENSE CHARGED IN THE INDICTMENT, OCCURRED;

16

4."AND TO GIVE THE DEFENDANT "NOTICE OF THE PARTICULAR OFFENSE THE STATE INTENDS TO RELY UPON FOR PROSECUTION AND AFFORD THE DEFENDANT AN OPPORTUNITY TO DEFEND." Id. PHILLIPS, supra.

Further Appellant challenges the facial application of TEX.CODE CRIM. PROC. ART. 38.37, requiring that evidence of other unindicted, uncharged crimes,wrongs and acts committed by the defendant against a child complainant who is the victim of One specified Sexual Act as Indicted be admitted as evidence against him, is Unconstitutional as being in Conflict and Repugnant to the NOTICE AND JURY TRIAL GUARANTEES OF THE 6TH AND 14TH AMENDMENTS.

Cf. FARR V. STATE, 140 SW.3d. 895 (TEX.APP. 2004). The complainant was K.R., who was 13 years old at the time of trial. Farr married K.R.'s mother in 1998, and the family lived together in Illinois. According to K.R.'s testimony, while in Illinois, Farr approached K.R., who was 9 years old at the time, bout taking nude photographs of her, and after taking the photographs, Farr performed Oral Sex on K.R. The sexual activities escalated when the family moved to Texas.

"During her testimony, K.R. described in detail FOUR (4) incidents in which Farr performed ORAL SEX on her, beginning shortly after the family moved to Houston in the summer of 2001, and CONTINUING over the course of several months. K.R. also testified that Farr would "DIGITALLY PENETRATE HER VAGINA EVERY CHANCE HE GOT", But she did not provide specific details about these incidents other than that they occurred when her mother and younger sister were in another room.

FARR was charged in Three indictments, One containing a SINGLE allegation of AGGRAVATED SEXUAL ASSAULT OF A CHILD, another containing Two Allegations of AGGRAVATED SEXUAL ASSAULT OF A CHILD; and the Third containing one allegation of Indecency with a Child involving K.R.'s younger sister.
See TEX.PENAL CODE §§ 21.11,22.021(a)(1)(B), and at the close of all the evidence,during the Charge conference,Farr requested the trial court to make an Election of which incidents of ORAL SEX and DIGITAL PENETRATION it would Rely upon to prove the Sexual assault charges. Farr renewed his request for an Election during the Punishment Phase, and again the trial court denied the request.

"With regard to the offense of Aggravated Sexual Assault of a child BY ORAL SEX, It is unclear from the testimony which incident the Jury may have relied upon to convict. Specific details of at least Four incidents of ORAL SEX in the family's Houston apartment were presented. K.R. described what happened during each incident and where in the apartment each took place,or the approximate amount of time had passed since the previous incident. During its closing argument, the State chose to focus a significant portion of the argument on the NUDE photographs Farr took of K.R. while they resided in Illinois,addressing only generally the incidents occurring in Houston to which she'd testified. Thus,the ORAL SEX was described in detail More than Once, POTENTIALLY ALLOWING THE JURY TO CONVICT BECAUSE SOME OF THE JURORS RELIED UPON ONE INCIDENT AND OTHERS RELIED UPON ANOTHER." See PHILLIPS, 130 SW.3d. at 353-54.

"UNDER THESE CIRCUMSTANCES,WE CANNOT SAY BEYOND A REASONABLE DOUBT THAT THE ERROR DID NOT CONTRIBUTE TO THE CONVICTION." See TRAP. 44.2(a). "We reverse those two convictions, and remand those cases to the trial court for a new trial. "In this case, because a Specific Incident was not described but rather only generally statements were made as to "DIGITAL PENETRATION,we cannot say beyond a reasonable doubt that the Error did not contribute to the conviction. TRAP. 44.2(a)." Id. FARR, supra, at 900-901.

17

"Phillips was charged in separate indictments and convicted of three counts of Sexual Assault of a Fifteen-year-old girl. The record shows that Phillips initially hired the victim to teach him English and to help with his business.

While they worked together,however, Phillips began to sexually assault the complainant. Incidents of sexual assault occurred repeatedly and escalated for months until the complainant finally told her mother. In separate indictments the State alleged three offenses: (1) "Penetration of the victim's mouth by the the appellant's sexual organ; (2) "Oral contact of the victim's sexual organ with the appellant's mouth, and (3) "Digitat penetration of the victim's sexual organ. At trial, the State offered evidence concerning the charged offenses. AS to the first offense, "Penetration of the victim's mouth, testimony was offered in detail about Only One occurrence. A SPECIFIC DATE was identified for that occurrence. The complainant also testified that "Penetration of the mouth occur- red intemittently between Summer 2000 and Spring 2001, but WAS NOT SPECIFIC as to how, When, or where."

The testimony concerning the other two offenses, "Digital Penetration and oral contact, was more Specific, indicating that the offenses occurred on numerous Occasions. The evidence was clear about the First Date "DIGITAL PENETRATION AND ORAL CONTACT Occurred and specifically that the offenses occurred at Phillips's apartment. The testimony also showed,however, that DIGITAL PENETRATION AND ORAL CONTACT Occurred Repeatedly over the next few months at Phillips's apartment.

"No specific dates were given for these later occurences, although some were identified by month. Finally, testimony showed that DIGITAL PENETRATION AND ORAL CONTACT also occurred at a Motel on a Specific day, and a receipt was introduced from the motel that bore Phillips's signature." After the State rested, Phillips asked the trial court to require the State to elect the occurrence upon which it intended to rely for a conviction in each alleged offense. The trial court re- fused the request and Phillips was convicted of ALL THREE Offenses. He appealed and the Court of Appeals held that the Trial Court erred in failing to require the State to elect which transaction it would rely upon for conviction was HARM- FUL CONSTITUTIONAL ERROR BECAUSE THE COMPLAINANT HAD GIVEN MORE THAN ONE DETAILED ACCOUNT FOR EACH TYPE OF OFFENSE. As was Affirmed by the Court of Criminal Appeals following grant of State's PDR., and consolidated with FARR, supra. Id. 193 SW.3d. 904, PHILLIPS, supra.

THE INDICTMENT

Because a proper Jury charge is generally limited to and guided by the lang- uage of the indictment, see BROWN V. STATE, 159 SW.3d. 703 (TEX. APP. 2004),pet. denied, referencing CURRY V. STATE, 30 SW.3d. 394 (TEX.CR.APP. 2000)), "it is essential to first examine the applicable portions of the STATE'S Indictment. See also TEX.CODE CRIM. PROC. ART.36.14.

"ABSENCE OF JURY CHARGE APPLYING THE LAW TO THE FACTS OF THE CASE IMPAIRS THE RIGHT TO TRIAL BY JURY AND,THEREFORE,BY DEFINITION,IS CALCULATED TO INJURE RIGHTS OF DEFENDANT TO A TRIAL BY JURY." WILLIAMS V. STATE, 547 SW.2d. 18 (TEX. CR.APP. 1977); WHERE THERE IS A TOTAL OR EVEN PARTIAL FAILURE IN TRIAL COURT'S CHARGE OF APPLYING LAW OF OFFENSE TO FACTS OF THE CASE,THIS TYPE ERROR OF OMIS- SION INFRINGES UPON AN ACCUSED'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW,DUE COURSE OF LAW, AND RIGHT TO TRIAL BY JURY." DOYLE V. STATE, 631 SW.2d. 732 (TEX.CR.APP. 1980).

"A TRIAL JUDGE IS FORBIDDEN FROM ENTERING A JUDGEMENT OF CONVICTION OR DIRECT- ING THE JURY TO COME FORWARD WITH SUCH A VERDICT REGARDLESS OF HOW OVERWHELMING- LY THE EVIDENCE MAY POINT IN THAT DIRECTION." U.S. V. MARTIN LINEN SUPP.CO., 97 S.CT. 1349 (1977); "TRIAL JUDGE IS BARRED FROM ATTEMPTING TO OVERRIDE OR INTER- FERE WITH JURORS' INDEPENDENT JUDGEMENT IN A MANNER CONTRARY TO INTEREST OF AC- CUSED." Id.  Here its clear that the State sought to prove a Single Count of Sex-

18

ual Assault of a Child allegedly Committed on NOVEMBER 8,1996, with evidence of One-Hundred or Less Than Five-Hundred,unelected, unindicted, and different incidents by ORAL SEX, DIGITAL PENETRATION, USE OF A VIBRATING BACK MASSAGER ON THE VICTIM'S VAGINA, USE OF A CORN COB "DILDO", USE OF A PINK "DILDO",AND FONDLING OF THE BREASTS, INAPPROPRIATE TOUCHING, is Not Harmless.

"Charging error relating to definition of burden of proof not subject to harm analysis because it wholly deprives defendant the JURY VERDICT the 6th Amendment entitles him to. "See USCA.CONST. AMEND.6; SULLIVAN V. LOUIS-IANA, 113 S.CT. 2078 (1993).

LAWS THAT ALTER THE LEGAL RULES OF EVIDENCE AND
AND REQUIRES LESS EVIDENCE TO CONVICT BY RETROACTIVE
APPLICATION OF THE AMENDED VERSION OF TEX.CODE CRIM.PROC.
ART. 38.072 EFF. SEPT. 1,09 TO AN OFFNESE COMMITTED
BEFORE ITS ENACTMENT AS ALLEGED ON NOVEMBER 8,1996

"FACT THAT AMENDMENT TO TEXAS STATUTE WHICH AUTHORIZED CONVICTION FOR CERTAIN SEX OFFENSES ON VICTIM'S TESTIMONY ALONE,WHERE PREVIOUSLY CORROB-ORATING EVIDENCE HAD BEEN REQUIRED,DID NOT INCREASE PUNISHMENT OR CHANGE ELE-MENTS OF OFFENSE THAT STATE HAD TO PROVE WAS IRRELEVANT TO WHETHER AMENDMENT ALTERED LEGAL RULES EVIDENCE FOR PURPOSES OF EX POST FACTO CLAUSE ANALYSIS." USCA.CONST. 1§10,Cl.1; TEX.CODE CRIM.PROC. ART. 38.07; ART. 38.07 (1992). CARMELL V. TEXAS, 120 S.CT. 1620 (2000).

TEX.CODE CRIM.PROC. ART. 38.072, Amended by Acts 1995,74th Leg., ch. 76, § 14.25, eff. September 1,1995, as applicable to Appellant's Chapter 21 and 22, Sexual related child abuse statutes to an Offense allegedly Committed on NOVEMBER 8,1996, provided as follows: "HEARSAY STATEMENT OF CHILD ABUSE VICTIM."

SEC. 1. "This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code,if committed AGAINST A CHILD 12 YEARS OF AGE OR YOUNGER:"
   (1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);
   (2) Section 25.02 (Prohibited Sexual Conduct);or
   (3) Section 43.25 (Sexual Performance by a Child).
SEC.2.(a) This article applies only to statements that describe the alleged offense that:
   (1) Were made by the child against whom the offense was allegedly committed; and
   (2 WERE MADE BY THE CHILD TO THE FIRST PERSON, 18 YEARS OF AGE OR OLDER,Other than the defendant, to whom the child made a statement about the offense.
   (b) "A Statement that meets the requirements of Subsection (a) of this article IS NOT ADMISSIBLE BECAUSE OF THE HEARSAY RULE IF:
   (1) On or before the 14th day before the date of the proceedings begins,the party intending to offer the statement:
   (A)Notifies the adverse party of its intention to do so;
   (B) Provides the adverse party with the name of the witness through whom it intends to offer the statement.
   (C) provides the adverse party with a written summary of the statement.
   (2) The trial court finds, in a hearing conducted outside the presence of

19

THE JURY, that the statement is reliable based on the time,content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law."

TEX.CODE CRIM.PROC. ART. 38.072, Amended ,effective September 1,2009,and Retrospectively applied to the November 8, 1996, Sexual related child abuse Offenses changed evidentiary Rules to allow admission of testimony regarding alleged Child sexual abuse victim's Outcry statements allegedly committed by the Appellant against the child YOUNGER THAN 14 YEARS OR AGE,thus violative of the Ex Post Facto Clause. Whereas clearly the Amended version of the Statute to his serious disavantage allowed the alleged victim's 13 Year old testimony which would not have been admitted in prosecution at time of the commission of the alleged November 8,1996, Sexual Offenses against same Child.

The 2009, Amended version complained of as being violative of the Ex Post Factorially applied in altering the Rules of evidence impermissibly allowing the outcry testimony of an alleged Child victim Older than 12 years of age and to Appellant's serious disadvantage provides as follows: TEX.CODE CRIM.PROC. ART.38.072,SECTS.1-Thru-3, (2009). "HEARSAY STATEMENT OF CERTAIN ABUSE VICTIMS.

SEC.1. "This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code,if committed against a CHILD YOUNGER THAN 14 YEARS OF AGE Or a person with a Disability:"

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);
(2) Section 25.02 (Prohibited Sexual Conduct);
(3) Section 43.25 (Sexual Performance by a Child);
(4) Section 43.05(a)(2)(Compelling Prostitution);
(5) Section 20A.02(7) or (8) (Trafficking of Persons; or
(6) Section 15.01 (Criminal Attempt), if the offense attempted is described by Subdivision (1),(2),(3),(4),or (5) of this section.

SEC.2. (a) "This article applies only to statements that:
(1) Describe:
(A) The Alleged Offense;or
(B) If the statement is offered during the punishment phase of the proceeding, a crime,wrong,or act other than the alleged offense that is:
(i) Described by Section 1;
(ii) Allegedly committed by the defendant against THE CHILD WHO IS THE VICTIM OF THE OFFENSE OR ANOTHER CHILD YOUNGER THAN 14 YEARS OF AGE;and
(iii) Otherwise admissible as evidence under Article 38.37; Rule 404,or 405, Texas Rules of Evidence, or another law or rule of evidence of this State;
(2) Were made by the Child or person with a Disability against whom the Charged Offense or Extraneous crime,wrong,or act was allegedly committed;and
(3) Were made to the First Person, 18 years of age or older,other than the defendant, to whom the child . . . made a statement about the offense or extraneous crime,wrong or act.
(b) A Statement that meets the requirements of Subsection (a) is not admissible because of the Hearsay Rule if:
(1) On or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
(A) Notifies the adverse party of its intentions to do so;
(B) Provides the adverse party with the name of the witness through whom it intends to offer the statement; and
(C) Provides the adverse party with a written summary of the statement;
( (2) The trial court finds, in a hearing conducted outside the presence of the jury that the statement is reliable based on the time,content,and circumstances of the statement."

20

**ACTS** 2009,81st Leg.,ch.710 in § 1, substituted "YOUNGER THAN 14 YEARS OF AGE FOR "12 YEARS OF AGE OR YOUNGER" and addeded subsec. (4); and rewrote § 2(a) which prior thereto read:

(a) "This article applies only yo statements that:

"Describes the alleged offense or if the statement is offered during the punishment phase of the proceeding, a crime, wrong,or act other than the alleged offense that is described by Section 1 allegedly committed by the defendant against the child who is the victim of the offense or another child younger than 14 years of age; and otherwise admissible as evidence under Article 38.37, Rule 404 or 405, Texas Rules of Evidence, or another law or rule of evidence of this State."

The State made this an issue on direct appeal as shown as follows:

## SUMMARY OF THE STATE'S ARGUMENT

Reply to Point Of Error One: "The Trial Court did not err in admitting Fullens'- testimony regarding a letter written by C.W. detailing the appellant's Acts of Sexual abuse because that statement was admissible under the present and previous version of Art,38.072. Further, C.W.'s prior statements regarding the abuse were admissible as prior consisten statements. Finally, Fullen's testimony was brief and vague, and any error in admitting that testimony was harmless."

"For purposes of clarity, the State's Brief will use the term 8utcry" to refer to the First Statement made by a child to a person 18 years of age or older describing the commission of an offense listed in Art.38.072 § 1, that is COMMITTED AGAINST THE CHILD WHEN THE CHILD IS YOUNGER THAN 14 YEARS OF AGE."

"In this case, the State approached the trial court and requested the court find that Fullen's testimony was admissible under Article 38.072 of the Texas Code of Criminal Procedure. The appellant objected under "38.072" and that the testimony was Hearsay. (RR. 4: 135,138).

"On appeal, the appellant argues that Fullen was not an outcry witness because, at the time of her outcry, SHE WAS THIRTEEN YEARS OLD, BUT THE VERSION OF ART. 38.072 ENACTED AT THE TIME OF THE OUTCRY APPLIED ONLY TO A CHILD WITNESS YOUNGER THAN 13 YEARS OLD."(BR. at 14-17). Because this technical basis to disqualify Fullen as an outcry witness was not raised at trial, and there is no evidence that the trial court was aware of this alleged technical disqualication of Fullen's testimony, the appellant has failed to preserve his point of error for review."

## III. Analysis

"Texas Code Criminal Procedure art. 38.072 permits an adult witness to testify about an out-of-court statement made by a child that describes the commission of one of the enumerated offenses AGAINST A CHILD YOUNGER THAN 14 YEARS OF AGE. TEX.CODE CRIM.PROC. ANN.ART. 38.072. PRIOR TO 2009, ART. 38.072 APPLIED ONLY TO A CHILD WHO REPORTED THE ABUSE WHILE LESS THAN 12 YEARS OF AGE." "THE LEGISLATIVE CHANGE THAT INCREASED THE MAXIMUM AGE APPLIES TO ANY CASE WHERE THE TRIAL BEGAN AFTER SEPTEMBER 1, 2009:"

"The Change in law made by this Act applies only to a criminal proceeding that commences on or after the effective date of this Act. A criminal proceeding that commences Before the effective date of this Act is governed by the law in effect when the proceeding commenced, and the former law is continued for that purpose. Act of June 19,2009, 81st Leg.,R.S., ch. 710, § 3, eff. Sept.1, 2009."

21

"The version of the law that applies is determined by the date the criminal proceedings begins, not the date the child made the Statements or the Date the Offense Occurred." Id; McCULLOCH V. STATE, 39 SW.3d. 678, 683-84 (TEX.APP. BEAUMONT 2001, pet ref'd) (Discussing the Prohibition On EX POST FACTO LAWS and holding that a change to the rules of evidence that render previously-inadmissible evidence admissible is not an Unconstitutional EX POST FACTO application of law unless the change alters the amount or type of proof necessary for conviction."

"The curren version of Art. 38.072 clearly authorizes the admission of a qualified outcry statement made by a child younger than 14 years of age. Further, though contrary to the appellant's assertion (BR. at 16-18), every court of appeals to adress the issue has concluded that the plain language of Art. 38.072 also authorizes the admission of an outcry made by a child more than 14 years of age (or 12 years of age, in cases controlled by the prior version of Art. 38.072). If the outcry relates an offense COMMITTED when the child was younger than 14 (or 12) years of age. See HARVEY V. STATE, 123 SW.3d. 623 (TEX. APP. TEXARKANA 2003, pet. ref'd)(Holding that previous version of Art. 38.072 applied only when the offense occurred when the child was less than 12 years old, and the outcry occurs prior to the child reaching her 18th birthday); ALEJO V. STATE, No. 03-10-00436-CR, 2011 WL 3659309 (TEX.APP. AUSTIN,Aug.19, 2011, no pet.) (Mem. Op., not designated for publication (holding outcry made at age of 16 was admissible under Art.38.072); OLIVERA V. STATE, No. 05-08-00-527-CR WL 3740781 (TEX. APP. DALLAS NOV. 10, 2009, pet. ref'd) (Mem. Op. not designated for publication) (Holding that outcry made by 17 year old was admissible under Art. 38.072, because it related to offense Committed beginning when the child was 4 or 5 years old); MANUEL V. STATE, No.03-96-00185-CR, 1997 WL 347998 (TEX.APP. AUSTIN JUNE 26, 1977), pet. ref'd)(Mem. Op. not designated for publication) (Holding that previous version of art. 38.072 authorized admission of outcry made at age 13 detailing offense that occurred when the child was 12 years old)."

"In this case, trial began on JULY 22,2013, therefore, the post-2009 version of Art, 38.072 applied, and the outcry must relate to an offense Committed Against a child younger than 14 years of age. Fullen testified that, at the age of 13, C.W. wrote a letter to her explaining that the appellant was molesting C.W.(RR 4: 138). Because Fullen was over the age of 18 at the time, C.W.,'s statements regarding sexual abuse were properly admissible."

"Because the age limitations applies only to the victim's age at the time of the Offense, not at the time of the outcry, Fullen's testimony about C.W.'s outcry at the age of 13 would also be admissible under the previous version of art.38.072. See HARVEY, 123 SW.3d. at 628. See STATE'S BRIEF, Pp. 2,3,4,5,6,7)."

Such was further made issue and decided against Appellant by the Ninth Court of Appeals contrary and in conflict the STOGNER,CALDER,BEAZELL,and CARMELL, supras, holding same issue violated the prohibition against retrospective application of Ex Post Facto Laws, as well-established United States Supreme Court controlling precedent. As follows:      III. OUTCRY TESTIMONY

"In Rancher's First and Second Issues, he argues the trial court erred in admitting the outcry testimony from both Daughter's mother and Officer Culak.

"In his first issue, Rancher Argues the trial court erred in admitting the outcry testimony of Daughter's mother because Article 38,072 of the Texas Code of Criminal Procedure was Inapplicable as Daugther was Thirteen (13) Years old when she made the statement to her mother.

["The parties disagree over the version of Article 38,022 that applies to the facts of this **case**. Because of our resolution of this appeal, we cite the current version of the Statute."].

"Regrading Rancher's first issue concerning the admission of outcry testimony from Daughter's mother, the State argues that Rancher bases his appellate issue on an alleged technical disqualification under an EARLIER VERSION OF ARTICLE 38.072 REQUIRING THE CHILD TO BE YOUNGER THAN THIRTEEN YEARS OF AGE AT THE TIME OF THE OUTCRY, but he did not present this argument to the trial court. The trial court conducted a hearing outside the presence of the jury to determine the admissibility of Mother's outcry testimony. At trial, Rancher objected to Mother's testimony, stating only that his objection was "under 38.072". The trial court overruled Rancher's objection. We conclude Rancher's objection based on Article 38.072, Including the argument that State failed to comply with the Statute because Daughter was allegedly OLDER THAN THE AGE ESTABLISHED BY STATUTE." See LONG V. STATE, 800 SW.2d. at 547-48.

B. HARMLESS ERROR.

"Rancher argues that the trial court erred in admitting the testimony of Daughter's mother when the trial court applied the wrong version of Article 38.072 and application of the correct statute would have rendered the testimony inadmissible because Daugther did not meet the age qualification in the correct statute. Rancher argues that the trial court erred in admitting the testimony of Officer Culak because Article 38.072 only applies to statements made by a child younger the 14 years of age."

"WITHOUT CONCLUDING THAT THE TRIAL COURT ERRED IN OVERRULING RANCHER'S HEARSAY AND ARTICLE 38.072 OBJECTIONS TO THE TESTIMONY AND OFFICER CULAK, WE WILL REVIEW WHETHER ERROR, IF ANY, NECESSITATES A REVERSAL IN THIS CASE. UNDER THE FACTS OF THIS CASE, WE REVIEW AN ERRONEOUS ADMISSION OF HEARSAY AS NON-CONSTITUTIONAL ERROR, SUBJECT TO A HARM ANALYSIS UNDER RULE 44.2(b) OF THE TEXAS RULES OF APPELLATE PROCEDURE. See TEX.R.APP.P. 44.2(b). See APPENDIX 1, hereto attached at Pp.3,4,5,6,7,8). "At trial, Daughter, then TWENTY-NINE (29) Years old, testified at length regarding the sexual abuse she endured from Rancher, Daughter ex plained that she Had Oral Sex with Rancher. Id. at pp.10, 11, when she was Eight (8) years old in the early nineties.

"HEARSAY TESTIMONY OF "OUTCRY" STATEMENTS MADE BY SEX OFFENSE VICTIM WHO IS 12 YEARS OLD OR YOUNGER TO AN ADULT IS ADMISSIBLE IF STATE COMPLIES WITH STATUTORY PREDICATE." TEX.CODE CRIM.PROC.ART.38.072 (VERNON SUPP. 1994); KIMBERLIN V. STATE, 877 SW.2d. 828 (TEX. APP. 1994); DORADO V. STATE, 843 SW.2d. 37 (TEX. CR. APP. 1992).

"VICTIM'S MOTHER'S TESTIMONY WAS INSUFFICIENT TO PROVE THAT DEFENDANT HAD ORAL CONTACT WITH THREE (3) YEAR OLD GIRL'S SEXUAL ORGAN, AS NEEDED TO SUSTAIN CONVICTION UNDER GHARGE GIVEN IN PROSECUTION FOR AGGRAVATED SEXUAL ASSAULT OF CHILD; MOTHER'S VERSION OF VICTIM'S OUTCRY WAS AT MOST AMBIGIOUS ABOUT WHETHER DEFENDANT AND/OR CODEFENDANT MADE ORAL CONTACT." TEX.PENAL CODE § 22.021(a)(2) (B); TEX. CODE CRIM.PROC.ART. 38.072. Id. KIMBERLIN, supra.

"THE CONSTITUTIONAL PROHIBITION AND THE JUDICIAL INTERPRETATION OF IT RESTS UPON THE NOTION THAT LAWS, "WHATEVER THEIR FORM, WHICH PURPORTS TO MAKE INNOCENT ACTS CRIMINAL AFTER THE EVENT, OR TO AGGRAVATE AN OFFENSE, ARE HARSH AND OPPRESSIVE, AND THAT THE CRIMINAL QUALITY ATTRIBUTABLE TO AN ACT, EITHER BY THE LEGAL DEFINITION OR BY THE NATURE OR AMOUNT OF PUNISHMENT IMPOSED FOR ITS COMMISSION-

23

SHOULD NOT BE "ALTERED" BY LEGISLATIVE ENACTMENTS, "AFTER THE FACT",TO THE DISADVANTAGE OF THE ACCUSED." BEAZELL V. OHIO, supra, Id. 46 S.CT. 68.

"JUDICIAL ALTERATION OF COMMON-LAW DOCTRINE OF CRIMINAL LAW VIOLATES FAIR WARNING PRINCIPLES OF DUE PROCESS CLAUSE,AND HENCE MAY NOT BE GIVEN RETROACT-IVE EFFECT,ONLY WHERE IT IS UNEXPECTED AND INDEFENSIBLE BY REFERENCE TO LAW WHICH HAD BEEN EXPRESSED PRIOR TO CONDUCT IN ISSUE." USCA. CONST. AMENDS. 5,14. BOUIE V. CITY OF COLUMBIA, 84 S.CT. 1697 (1964).

"ONE OF THE PRINCIPLE INTEREST THAT THE EX POST FACTO CLAUSE WAS DESIGNED TO SERVE WAS FUNDAMENTAL FAIRNESS. "THERE IS CLEARLY A FUNDAMENTAL FAIRNESS INTEREST, EVEN APART FROM ANY CLAIM OR RELIANCE OR NOTICE,IN HAVING THE GOV-ERNMENT ABIDE BY ITS OWN RULES OF LAW IT ESTABLISHES TO GOVERN THE CIRCUMST-ANCES UNDER WHICH IT CAN DEPRIVE A PERSON OF HIS LIBERTY OR LIFE." See CARMELL, supra, Id. at 120 S.CT. 1620.

"I IS SETTLED BY THE DECISIONS OF THIS COURT SO WELL KNOWN THEIR CITATION MAY BE DISPENSED WITH,THAT ANY STATUTE WHICH PUNISHES AS A CRIME AN ACT PRE-VIOUSLY COMMITTED,WHICH WAS INNOCENT WHEN DONE; WHICH MAKES MORE BURDENSOME THE PUNISHMENT FOR A CRIME, "AFTER ITS COMMISSION",OR WHICH DEPRIVES ONE CHARGED WITH CRIME OF ANY DEFENSE AVAILABLE ACCORDING TO LAW AT THE TIME WHEN THE ACT WAS COMMITTED,IS PROHIBITED AS EX POST FACTO."COLLINS V. YOUNGBLOOD, 110 S.CT. 2715 (1990)(citing BEAZELL, supra).

"THE COURT FURTHER NOTED THAT ENHANCEMENT OF A CRIME,OR PENALTY,SEEMS TO COME WITHIN THE SAME MISCHIEF AS THE CREATION OF A CRIME OR PENALTY. Id.

"AN EX POST FACTO VIOLATION IS NOT A TRIAL-TYPE CONSTITUTIONAL ERROR SUBJECT TO HARMLESS ERROR ANALYSIS." USCA. CONST. ART. 1§9,Cl.3. WILLIAMS V. ROE, 421 F3d. 863 (9TH.CIR. 2005). "PART OF LEGISLATION VOID WHICH SHOULD ENDEAVOR BY ITS RETROACTIVE OPERATIONS, ACTS BEFORE COMMITTED." JAEHNE V. NEW YORK, 9 S.CT. 70,71 (1889).

GROUNDS FOR REVIEW NUMBER TWO: "THE COMPLAINANT FILED A COMPLAINT WITH OFFICER ADAM CULAK IN 2011 THAT ALLEGED THAT APPELLANT HAD SEXUALLY ABUSED HER AS A CHILD. AND AT THE TIME SHE MADE THESE ALLEGATIONS TO OFFICER CULAK,THE COMPLAINANT WAS TWENTY-EIGHT (28) YEARS OLD.

REASONS FOR REVIEW ISSUE NUMBER TWO: "Under the current version of Article 37.072 (2009) , which was applied Rertospectively in violation of the Ex Post Facto Clause to Sexual Abuse Offenses against a Child Allegedly committed on NOVEMBER 8,1996,the threshold determination is whether there was/is an Ex Post Facto Violation. Then, if not, whether the Child making the Statement was/is Younger than 14 years of age. Because the Complainant was Twenty-Eight (28) years old when she made her statements concerning Sexual Abuse when she was a Child, to Officer Culak, Article 37.072,(2009) does not apply, and the Testimony was Inadmissible and the Trial Court abused its discretion by admitting this testimony improperly permitting Culak as a Second Out-cry witness whereas such was Not Harmless error.

Appellant argues that because the Trial Court allowed Officer ADAM CULAK to testify to the statements of Sexual abuse made to him,over Appellant's objections, under under Article 38.072 (2009),as applied Retrospectively. An outcry hearing was held outside the presence of the Jury, Officer Culak testified that the Complain-ant told him that Appellant Continuously Sexually abused her as a Child,from the age of Thirteen until she was almost Eighteen years old. The trial court overruled the Appellant's objections and allowed the State to elicit this prejudicial and

inadmissible testimony from Officer Culak before the Jury. The Complainant made these statements to Officer Culak in 2011, when she was well over the age of Thirteen. (RR.Vol.4 at 225, 260);(RR. VOL. 3 at 61).

The records of the case shows that the trial court admitted Officer Culak's testimony directly in the face of the Amended version of the requirements of Article 38.072,(2009) as retroactively applied. Thus,under the current version of Art. 38.072, as determined by the Ninth Court of Appeals, Before a court can even consider allowing an outcry witness to testify as to what the Child victim told him, the Child must be under the age of Fourteen when the Statement is/ was made.

The Complainant was born on NOVEMBER 8,1983. And her statement to Officer Culak was made in late November of 2011, or at the latest in January of 2012. See RR. Vol.3 at 20. The retrospectively applied Statute/Article 38.072, man- ates that the Statement must be made by a Child Younger than Fourteen years of age. And she was at least 27-28 years old when making the statements to Officer culak, supposedly as the First Outcry Witness over the age of Eighteen.

Trista Marie Butler, the alleged victim, when a child, then went on to provide improper testimony before the Jury as the State's Chief Evidence,via a delayed Outcry. That Appellant Continously Abused her for a period of 10 years. She stated that the Sexual abuse began when she was Eight or Nine years old when Appellant gave her a back massager, had her lay on his bed and spread her legs,then showed her how to use it to pleasure herself. (RR. Vol. 3 at 42).

She testified that as a child Appellant would take her into his room, have her to undress,lay on his bed,and then he would "use the massager on her.(RR. Vol.3 at 48) Over Time, the Appellant began inserting his finger into her vagina, He would perform oral sex on her, and he would have her perform oral sex on him. (RR. Vol, 3 at 48,52-54). Ms. Butler testified that between the ages of Eight and Thirteen, she and the Appellant would have sexual encounters-without sexual intercourse-three to five times a week. (RR. Vol.3 at 55).

Ms. Butler as alleged in the Indictment, testified that when she was Thirteen years old (IN 1996), she lost her virginity to the Appellant. She stated that while she was riding in a vehicle with her father to a friend's house, he drove her into a wooded area where he told her that he had something to give her. The Appellant then gave her two sex-toys, one a Corn-on-the-Cob Dildo and one Pink Dildo. (RR.Vol. 3, at Pp. 58-59,61,68).

25

Ms. Butler further prejudicially and improperly testified that Appellant had her lay down on the seat of the vehicle, and then he performed Oral Sex on her and also inserted the sex-toys in her vagina. The Appellant then took out a condom and told her he was going to stick his dick into her vagina. The two then had sexual intercourse for the first time, with each reaching climax, and then they left. She testified that she told no one of the sexual abuse ongoing---between the ages of eight and thirteen, until she confided in her 13 year old cousin, Brandy Allen, shortly after her initial sexual intercourse with the Appellant (in 1996). (RR.Vol.3 at Ppp.70,71,72,79).

She testified that at Ms. Allen's urging, Ms. Butler wrote a letter to her mother (TINA FULLEN) detailing the previous five years of alleged sexual abuse, and that shortly after she gave the letter to her mother,the Appellant confronted her and promised to stop. She then claimed that the sexual abuse stopped for a period of approximately two weeks. (RR. Vol.3 Pp. 80,81,84,85-86).

"Violation not harmless when improper testimony was chief evidence of defendant's Guilt." See UNITED STATES V. RODRIGUEZ-MARTINEZ, 480 F3d. 303 (5TH CIR. 2007).

"Violation not harmless when government failed to prove beyond reasonable doubt that improper testimony did not contribute to verdict." UNITED STATES V. SANTOS, 449 F3d. 93 (2D. CIR. 2005).

"IF THE ERROR IS TRIAL ERROR,THE STANDARD USED IN HARMLESS ERROR REVIEW WILL DEPEND ON WHETHER THE ERROR IS CONSTITUTIONAL OR NONCONSTITUTIONAL. TO FIND A CONSTITUTIONAL ERROR HARMLESS, A COURT MUST DETERMINE BEYOND A REASONABLE DOUBT THAT THE ERROR DID NOT CONTRIBUTE TO THE VERDICT." See MITCHELL V. ESPARZA, 540 U.S. 12, 17-18 (2003); See also SULLIVAN, 508 U.S. at 278-279; CHAPMAN V. CALIFORNIA, 386 U.S. at 24 (1967). Parties must show that the error had "Substantial And Injurious Effect or Influence in determining the jury's verdict." Cf. KOTTEAKOS V. UNITED STATES, 328 U.S. 750,776 (1946); VANNOTRICK V. STATE, 227 SW.3d. 706 (TEX.CR.APP. 2007).

"Hearsay testimony of "outcry" statements made by sex offense victim who is 12 years old or younger is admissible if State complies with Statutory predicate." TEX.CODE CRIM.PROC.ART. 38.072 (Vernon 1994); TEX.PENAL CODE 22.021(a)(2)(B); KIMBERLIN V. STATE, 877 SW.2d. 828 (TEX.APP. 1994);DORADO V. STATE, 843 SW.2d. 37,38 (TEX.CR.APP. 1992).

The reords of the case shows that Appellant made timely Motion for Directed Verdict of Acquittal premised upon the Date of the Alleged Sexual abuse Offenses allegedly committed on NOVEMBER 8, 1996, as to Counts I and II, which was denied as follows: MR.WALKER: "Your Honor,at this time the Defendant would make a Motion for a DIRECTED VERDICT based on the fact that the State has Failed to produce a a prima facie case of the Defendant's guilt. The State has failed in its burden to prove every element of the offense beyond a reasonable doubt, and we would point-

26

to each element of the offense BUT SPECIFICALLY AS TO THE DATE ALLEGED IN THE INDICTMENT. [NOVEMBER 8,1996]

THE COURT: "Your Motion for Directed Verdict is denied." (RR. VOL.5 ,pp.94-95). Cf. SANABRIA V. UNITED STATES, 437 U.S. 54 (1978).

Moreover, to avoid being redundant, the Appellant incorporates the Ex Post Facto violations by reference to Grounds/Reasons for Review Number One and above concerning the standards of Review and Article 38.072, (1994) and (2009).

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, the Appellant Pro se prays that this Court of Criminal Appeals considers the Grounds and Reasons for review raised and presented herein; grants this Pro se Petition for Discretionay Review; and Order a complete and full hearing with Briefs as based upon the foregoing reasons and authorities.

Dated: 4/28/15

Respectfully submitted,

Danny Ray Blancher #184198
Rt. 2 Box 4400
Hughes Unit TDCJ-ID.
Gatesville, Texas 76597
-APPELLANT PRO SE-

## CERTIFICATE

I,hereby the undersigned Appellant/Petitioner pro se certify that a true and correct copy of the foregoing Petition for Discretionary Review has been served on the attorney representing the State by delivering same to TDCJ-ID., Officials for mailing to: STATE'S PROSECUTING ATTORNEY, P.O. BOX 13046 ~~12405~~, Austin, Texas 78711, first class mail,postage prepaid in accord with the Prison mailbox rule on this 28th Day of April, 2015.

Danny Ray Blancher #184198
Appellant/Petitioner Pro se

27.

**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00355-CR
NO. 09-13-00356-CR
_____

**DANNY RAY RANCHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-01-00820 CR (Counts 1 and 2)**
_____

**MEMORANDUM OPINION**

Appellant Danny Ray Rancher appeals his conviction for aggravated sexual assault of a child and for sexual assault of a child. The jury found Rancher guilty of aggravated sexual assault and sentenced him to life imprisonment and a fine of $10,000. The jury also found Rancher guilty of sexual assault and sentenced him to twenty years imprisonment. The two sentences are to run concurrently. In two

1

issues, Rancher complains about the admission of outcry witnesses' testimony. We affirm the trial court's judgments.

## I. Background

The record reflects that the complainant is appellant's daughter.[1] In November 2011, Daughter, at around age twenty-eight, reported acts of sexual abuse she endured as a child to Officer Adam Culak of the Willis Police Department. The State indicted Rancher on one count of aggravated sexual assault and one count of sexual assault. The State alleged these acts occurred "on or about November 08, 1996," when Daughter was "a child younger than 14 years of age and not the spouse of the Defendant[.]" Rancher pleaded "not guilty" to the charged offenses. The jury found Rancher guilty of the charged offenses. This timely appeal followed.

## II. Standard of Review

We review a trial court's decision to admit an outcry statement for abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990) (en banc); *see also Robinett v. State*, 383 S.W.3d 758, 761 (Tex. App.—Amarillo 2012, no pet.). We will reverse the trial court's decision only when the court's decision falls

---

[1] To protect the privacy of the parties involved in this appeal, we identify them by their familial titles or initials.

outside the zone of reasonable disagreement. *Shaw v. State*, 329 S.W.3d 645, 652 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

### III. Outcry Testimony

In Rancher's first and second issues, he argues the trial court erred in admitting the outcry testimony from both Daughter's mother and Officer Culak. In his first issue, Rancher argues the trial court erred in admitting the outcry testimony of Daughter's mother because article 38.072 of the Texas Code of Criminal Procedure was inapplicable as Daughter was thirteen years old when she made the statement to her mother.[2] In his second issue, Rancher argues the trial court erred in admitting the outcry testimony of Officer Culak because Daughter was twenty-eight years old at the time she made the statement to Culak and therefore article 38.072 does not apply to her statements. The State responds that Rancher failed to preserve either issue for review. The State argues in the alternative that even if the trial court erred in admitting Mother and Culak's testimony, any error was harmless.

---

[2] The parties disagree over the version of article 38.072 that applies to the facts of this case. Because of our resolution of this appeal, we cite to the current version of the statute.

## A. Preservation of Error

We first address whether Rancher properly preserved his issues for appellate review. Rule 33.1(a) of the Texas Rules of Appellate Procedure requires that a party make a "timely request, objection, or motion" to the trial court that "state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" Tex. R. App. P. 33.1(a)(1)(A); *see Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Id.*

Rancher complains that the trial court erred in admitting the outcry testimony from both Daughter's mother and Officer Culak. Article 38.072, entitled "Hearsay Statement of Certain Abuse Victims," provides that some hearsay statements are admissible in prosecuting certain offenses, including the offense of aggravated sexual assault of a child and sexual assault of a child. *See* Tex. Code Crim. Proc. Ann. art. 38.072, §§ 1, 2 (West Supp. 2014); *see also* Tex. Penal Code Ann. § 22.011(a)(2) (West 2011), § 22.021(a)(1)(B) (West Supp. 2014). Article 38.072 applies to statements that describe the alleged offense and that (1) were

4

made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a). The hearsay rule will not bar these statements as inadmissible if, among other things, the trial court finds, in a hearing outside the presence of the jury, the statement is reliable based on the time, content, and circumstances of the statement. *Id.* § 2(b)(2). Once a defendant raises a hearsay objection to testimony regarding a child victim's statement, the State, as the proponent of the evidence, has the burden to establish compliance with the provisions of article 38.072. *See Long v. State*, 800 S.W.2d 545, 547-48 (Tex. Crim. App. 1990); *Cordero v. State*, 444 S.W.3d 812, 816 (Tex. App.—Beaumont 2014, pet. filed).

Regarding Rancher's first issue concerning the admission of outcry testimony from Daughter's mother, the State argues that Rancher bases his appellate issue on an alleged technical disqualification under an earlier version of article 38.072 requiring the child to be younger than thirteen years of age at the time of the outcry, but he did not present this argument to the trial court. The trial court conducted a hearing outside the presence of the jury to determine the admissibility of Mother's outcry testimony. At trial, Rancher objected to Mother's testimony, stating only that his objection was "under 38.072." The trial court

5

overruled Rancher's objection. We conclude Rancher's objection based on article 38.072 was sufficient to preserve error for any failure to comply with article 38.072, including an argument that State failed to comply with the statute because Daughter was allegedly older than the age established by statute. *See Long*, 800 S.W.2d at 547-48.

Regarding Rancher's second issue concerning the admission of outcry testimony from Officer Culak, the State argues that Rancher did not specifically raise his appellate issue in his trial objection. At trial, Rancher objected to Culak's testimony as hearsay. In a hearing outside the presence of the jury to determine the admissibility of Culak's testimony regarding Daughter's outcry statement, Rancher explained his objection as follows:

> We would object, Judge. It is hearsay and, in addition, under Article 38.072, the Texas Code of Criminal Procedure, I would point the Court specifically to Section 2, Parenthetical 1 -- I'm sorry -- Parenthetical 3, made to the first person the person made the outcry to.
>
> . . . .
>
> He was not the first person. Unfortunately, for the State, the mother could not give any details as far as the letter, but she was used as an outcry witness about sexual abuse.
>
> To use a second outcry witness is -- first of all, it is hearsay and, secondly, it violates the statute or the article in the Code of Criminal Procedure. Therefore, we would object.

6

The trial court overruled Rancher's objections. Rancher presented additional points to the trial court, but the trial court once again noted that Rancher's objection to the testimony was overruled. At Rancher's request, the trial court granted him a running objection to Culak's testimony. On appeal, Rancher specifically argues that article 38.072 does not apply because Daughter was no longer a child at the time she made her statement to Culak. The State contends that because Rancher did not include this specific argument to the trial court he has not preserved error. We conclude Rancher's objection to Culak's testimony based on hearsay and article 38.072 was sufficient to preserve error for any failure by the State to comply with the provisions of article 38.072, including that Daughter's statements were not the type the statute was designed to address. *See Long*, 800 S.W.2d at 547-48; *see also Cordero*, 444 S.W.3d at 816-19.

**B. Harmless Error**

Rancher argues that the trial court erred in admitting the testimony of Daughter's mother when the trial court applied the wrong version of article 38.072 and application of the correct statute would have rendered the testimony inadmissible because Daughter did not meet the age qualification in the correct statute. Rancher argues that the trial court erred in admitting the testimony of

Officer Culak because article 38.072 only applies to statements made by a child younger than fourteen years of age.

Without concluding that the trial court erred in overruling Rancher's hearsay and article 38.072 objections to the testimony of Mother and Officer Culak, we will review whether error, if any, necessitates a reversal in this case. Under the facts of this case, we review an erroneous admission of hearsay as non-constitutional error, subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 44.2(b). We disregard non-constitutional error unless it affects the substantial rights of the defendant. *Id.* "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A conviction should not be overturned for such error if, after examining the entire record, we have fair assurance that "the error did not have a substantial *and* injurious effect or influence in determining the jury's verdict." *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc); *see Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding improper admission

8

of outcry testimony was harmless error because similar testimony was admitted through complainant, pediatrician, and medical records). Neither the State nor the appellant has the burden to show harm when an error has occurred; rather, after reviewing the record, it is the appellate court's duty to assess harm. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001). We must reverse a conviction for nonconstitutional error if we have "grave doubt" about whether the result of the trial was free from substantial influence of the error. *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011). "'Grave doubt' means that 'in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'" *Id.* (quoting *Burnett v. State*, 88 S.W.3d 633, 637-38 (Tex. Crim. App. 2002)).

Rancher complains about Mother's testimony that Daughter had written her a letter detailing Daughter's allegations of sexual abuse by Rancher. Mother testified that she did not recall what the letter stated, but that it was about Rancher molesting Daughter. Mother testified that after she read the letter she confronted Rancher and he denied all allegations of abuse.

Rancher also complains about Officer Culak's testimony that Daughter told him that Rancher had sexually abused her from the age of thirteen until she was almost eighteen years old. At trial, the defense called Officer Culak to testify.

9

Officer Culak testified that he met with Daughter on November 2, 2011 at the Willis Police Department. Culak testified that when Daughter first came to the station she initially only complained that Rancher was harassing her and her husband, but then also told him that Rancher had molested her as a child. Culak testified that he took a written statement from Daughter.

Culak testified that Daughter told him that when she was eight years old Rancher had given her "sexual toys[,]" "sexual pornographic movies[,] and had touched her sexually." Daughter told Culak that by the time she was thirteen years old she had lost her virginity to Rancher. Daughter told Culak that Rancher taught her how to pleasure herself.

Culak testified that Daughter told him that she had written a letter to Mother about what had happened, that Mother believed Daughter made the allegations up for attention, and that Mother had burned the letter after she read it. Culak testified that Daughter told him that when she was fifteen years old one of her friends walked into Rancher's bedroom while Rancher was engaged in sexual acts with Daughter. Culak recalled that Daughter told him that Rancher's sexual abuse continued until she left home at age eighteen.

At trial, Daughter, then twenty-nine years old, testified at length regarding the abuse she endured from Rancher. Daughter explained that Mother became ill

10

around 1992 or 1993 and required frequent stays in the hospital. Mother ultimately was diagnosed with multiple sclerosis. Approximately a year or two after being diagnosed, Mother became confined to a wheelchair, which required Mother, Daughter, Sister, and Brother to move into a different trailer house that included handicap accommodations. Rancher maintained a separate trailer on the property where he conducted his business and also resided. Because Rancher's trailer was not handicap accessible, Mother could not access it without help and in fact never went to Rancher's trailer.

Daughter testified that Rancher's sexual abuse and grooming of her began when Mother first became ill in the early nineties. Daughter explained in detail how Rancher's abuse began with inappropriate touching and inappropriate conversations. Daughter testified that after the first incident of inappropriate touching, Rancher touched her sexually two to four times a week. Daughter described in detail a time when Rancher digitally penetrated her vagina when she was about eight or nine years old.

Daughter testified that after Rancher moved into his own trailer the inappropriate touching progressed. Daughter explained that she had oral sex with Rancher, that he touched her vagina, and that he would have her watch

pornographic movies. She testified Rancher sexually abused her in his trailer three to five times a week.

Daughter testified that when she was thirteen years old she lost her virginity to Rancher and described in graphic detail the abuse she endured during this incident. Daughter testified that after this incident she started having sexual intercourse with Rancher regularly—she estimated it would occur between three to five times a week. She estimated that she has had sexual intercourse with Rancher more than a hundred times.

Daughter testified that Rancher told her not to tell anyone about the abuse and warned her that if she did he would hurt her. Daughter testified that once the sexual abuse started, Rancher sheltered her and would not let her go places that the other children were allowed to go. She testified that sometimes if she would do sexual things, Rancher would later take her to meet up with her siblings.

Daughter recalled that she was thirteen years old when she first told someone about Rancher's abuse; she told her thirteen-year-old cousin. Daughter explained that Cousin had disclosed to Daughter that Cousin had lost her virginity, and in response to Cousin's confession, Daughter told Cousin that she too had lost her virginity and revealed to Cousin that she had had sex with Rancher. Daughter testified that when she made this confession to Cousin, Daughter believed it was

12

normal behavior to have sex with her father because it had been the norm for her. According to Daughter, Cousin did not believe this behavior was normal. Daughter testified that she then wrote Mother a detailed letter explaining what Rancher had been doing to her. Daughter testified that Mother did not believe the accusations, and either Mother or Rancher ultimately burned the letter.

Daughter testified that after she told Mother about Rancher's abuse and Mother did not believe her, Rancher continued to have sexual intercourse with Daughter. Daughter testified that when she was fifteen years old, Sister and a friend of theirs from school walked in on Daughter and Rancher having sexual intercourse.

Cousin corroborated Daughter's testimony. Cousin testified that Rancher would put the television on pornography with five or six children in the room. Cousin testified that after Daughter had confided in her, Cousin convinced Daughter to write Mother a letter. Cousin testified that she was present when Mother confronted Daughter about the letter. Cousin testified she and Daughter were both thirteen years old when this happened. Cousin recalled that Rancher denied the accusations and that his demeanor during the confrontation was unemotional and nonchalant.

M.K., a friend of Daughter, also corroborated Daughter's testimony. According to M.K., when she was "still 15, maybe turning 16[,]" she walked into Rancher's bedroom and witnessed Rancher having sex with Daughter. M.K. testified that the expression on Daughter's face suggested she was horrified, embarrassed, and in shock.

Sister also testified. She testified that it was very scary growing up with Rancher because he had a very bad temper. She testified that Rancher is a "very mean and aggressive" person and that she tries not to associate with him. Sister recalled that while they were growing up, Rancher often singled Daughter out and asked Daughter to massage his back. Sister testified that Rancher would keep Daughter from going out and doing things with the other children by saying that he needed her to stay and massage his back or clean his house. Sister recalled an occasion where she and M.K. had gone to Rancher's trailer to ask him for money and to see if Daughter could go with them to a club. Sister testified that she walked into Rancher's bedroom and observed Rancher sexually abusing Daughter.

After examining the entire record, and after considering the nature of the evidence supporting the verdict, we cannot conclude that Rancher's substantial rights were affected by the admission of the complained-of testimony. The Mother's testimony and Officer Culak's testimony were merely cumulative of

other evidence admitted without objection. *See Duncan*, 95 S.W.3d at 672. Daughter herself gave detailed testimony concerning Rancher's abuse and the letter she had written to Mother detailing the abuse and Daughter's testimony was substantially corroborated by Cousin, Sister, and M.K. We conclude that the admission of the complained-of testimony did not have a substantial or injurious effect on Rancher's substantial rights. *See id.*; *see also Cordero*, 444 S.W.3d at 823; *Chapman v. State*, 150 S.W.3d 809, 814-15 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Therefore, we disregard any error in the admission of the complained of testimony and overrule Rancher's first and second issues. *See* Tex. R. App. P. 44.2(b).

Having overruled Rancher's issues on appeal, we affirm the judgments of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 10, 2014
Opinion Delivered January 28, 2015
Do not publish

Before Kreger, Horton and Johnson, JJ.

15

Danny Ray Rancher #184198
Apt. 2 Box 4400
Hughes Unit
Gatesville, TX. 76597

APR 28 2015

Mr. Abel Acosta, Clerk
Texas Court Of Criminal Appeals
P.O. Box 12308-Capitol Station
Austin, Texas 78711

